## BAILEY *v.* THE STATE.

LARCENY.—INTOXICATION.—Where the defendant's mind is so far destroyed by a long continued habit of drunkenness as to render him mentally incompetent intentionally and knowingly to commit the larceny, he should be acquitted, although he was intoxicated at the time he took the property.

APPEAL from the *Wabash* Circuit Court.

RAY, J.—There was a conviction under an indictment for grand larceny. The amended record filed in this court

disposes of the objection urged by the appellant that the record did not show the indictment to have been returned by a grand jury regularly impanneled.

An exception was taken on the trial to the giving of the following instruction: "1. It is a settled principle that voluntary drunkenness is not an excuse for a criminal act committed while the intoxication lasts, and being its immediate result. Such drunkenness is, in itself, a wrongful act, for the immediate consequences of which the law will hold the party liable. And although there may be no actual criminal intent, the law will hold the party by construction guilty of such intent. This principle applies even to a case where the party is so besotted by liquor as to be irrational at the time of the commission of the crime. But when an act is performed by an insane, but not, at the time, an intoxicated person, which if committed by a sane person would be a crime, such act of the insane person is not held to be a crime, though the insanity was remotely produced by previous habits of gross intemperance."

The law as it was evidently intended to be stated by this instruction to the jury is in full accord with the rulings of this court, and with the weight of authority, but we fear that in the case under consideration the jury may have been misled by an inapt use of words in the latter clause of the instruction. The bill of exceptions states that "there was evidence before the jury tending to show that the defendant was, at the time of the commission of the offense, intoxicated, and his mental faculties seriously impaired by a long and habitual course of intoxication and drunkenness." If from this evidence the jury found that the defendant's mind was so far destroyed by his long continued habit of drunkenness as to render him mentally incompetent intentionally and knowingly to commit the larceny, then the defendant should have been acquitted, although he was intoxicated at the time he took the property. The present intoxication must not be the cause of the mental incapacity, but if that mental incapacity already exists, present intoxi-

cation will not render the person liable. We are not clear that the language inadvertently used by the court may not admit of a different construction, and it may therefore have misled the jury.

The cause is reversed and remanded, with directions to the court below to grant a new trial.

*H. S. Kelley* and *C. Cowgill*, for appellant.

*D. E. Williamson*, Attorney General, for the State.