## ROGERS *v.* THE STATE.

JURY.—*How Impanelled.*—In the criminal circuit court, a jury of bystanders was called, by order of the court, to try an indictment, there being thereon none of the jurors of the regular panel, they being engaged in deliberation upon another cause, which had been submitted to them. The defendant in said indictment objected to be tried by the jury thus called, and demanded to be tried by the regular panel, but his objection was overruled.

*Held*, that this was error.

CRIMINAL LAW.—*Larceny.*—*Mental Condition.*—*Use of Opium.*—On the trial of an indictment for larceny, it having appeared in evidence that the defendant was addicted to the habitual and excessive use of opium in some of its forms, and that at the time of the supposed larceny he had been deprived of his accustomed supply of the drug, he sought to prove by competent testimony what effect such deprivation would have upon his mental condition.

*Held*, that the evidence so offered was admissible, as tending to show whether the defendant was in such a condition mentally as to be able to commit a larceny.

APPEAL from the Tippecanoe Criminal Circuit Court.

WORDEN, J.—The appellant was indicted for larceny, tried, convicted, and sentenced to imprisonment in the state prison.

On the calling of the cause for trial, the jurors of the regular panel were engaged in deliberation upon a cause which had been submitted to them; and, thereupon, the court ordered a jury of bystanders to be called for the trial

of this cause, which was done; none of the regular panel being upon the jury thus called. The defendant, by his counsel, objected to being tried by the jury thus called, and demanded to be tried by the regular panel; but his objection was overruled, and he excepted.

The defendant was clearly entitled to a trial by jury; and we think it quite as clear that he was entitled to a trial by a jury constituted in some mode provided for by law. Twelve men promiscuously brought together, in a manner not authorized by law, do not constitute a jury such as a person charged with a crime has a constitutional right to demand as his triers. If, under the circumstances, the court had no legal right, against the defendant's consent, to call a jury for the trial of his cause, composed wholly of bystanders, then a fatal error was committed, for which the judgment must be reversed.

We have looked through the statutes on the subject of selecting and impanelling juries, and find nothing that, in our opinion, authorizes the course pursued, under the circumstances.

It may be quite convenient, and quite conducive to the dispatch of business, to proceed with the trial of causes by a jury of talesmen, while the regular panel is engaged in deliberation; but on the other hand, if a party is allowed the regular panel, he escapes some hazard of being made the victim of designing men or professional jurors, who may throw themselves in the way in order to be placed on the jury.

The statutes provide amply for the selection of juries. 2 G. & H. 30. The second section provides that on the first day of the court, the list shall be called, and if twelve do not appear, the court shall cause the sheriff to summon others to supply the deficiency; and if, on the calling of a cause for trial by jury, the panel should not be full, the court shall direct it to be filled. The third section provides for the discharge of the jury at the end of three days from the commencement of the term, if their services are not needed;

but that if, after such discharge, a jury be demanded, the court shall direct one to be summoned. The sixth section provides that no challenge to the array shall be permitted because of any informality in the impanelling or selecting of such jury. The words "such jury" have reference to any jury impanelled under the circumstances provided for in the act, and to none other.

A later statute provides that where the proper officers have failed to draw or impanel a jury, or where for any cause no traverse jury shall be present at any term of the court, the court may order the sheriff to summon a jury of bystanders, who shall constitute the regular panel for the term. 2 G. & H. 32. Thus it will be seen that there is provision for filling up the regular panel where it is not full, and for impanelling a jury where there is no regular panel; but there is no provision for impanelling a jury of bystanders where there is a regular panel in attendance upon the court. In the criminal code there is this provision: "When a jury trial is demanded, the sheriff shall call a jury in the manner prescribed by law, or as directed by the court." 2 G. & H. 408. The last clause of this provision, "*or as directed by the court,*" does not imply a power on the part of the court to direct the calling of a jury of bystanders, against the consent of the party to be tried, where there is a regular panel of jurors in attendance; nor does it authorize the court to direct the sheriff to call a jury in any other manner than such as is authorized by law. There is ample scope provided for the direction of the court in the statutes above cited. We are of opinion that the ruling of the court was erroneous, and therefore, that the judgment must be reversed.

We are also of opinion that an error was committed on the trial of the cause. It appeared from the evidence that the defendant was addicted to the habitual and excessive use of opium in some of its forms; and there was evidence from which it might be inferred that, at the time of the

supposed larceny, he had been deprived of his accustomed supply of the drug. He sought to prove by competent testimony what effect such deprivation would have upon his mental condition, but the evidence was rejected. We think the evidence was competent, as tending to show whether or not he was, at the time, in a condition mentally, such as to be able to commit a larceny.

The judgment is reversed, and the cause remanded; the opinion to be certified at once, and the clerk directed to give the proper notice for a return of the prisoner.

*F. J. Mattler*, for appellant.

*B. W. Hanna*, Attorney General, for the State.