## WILSON *v.* THE STATE.

PRACTICE.—*Impanelling of Special Jury.*—*Statute.*—The act of March 7th, 1873 (Acts 1873, Reg. Ses. p. 103), empowering the circuit court, whenever its business requires it, to order the impanelling of a special jury for the trial of any cause, does not authorize the court to impanel such jury before the day fixed for the trial of causes, to which day the regular panel has been

summoned. It was intended to authorize a special jury when the regular panel is engaged or after it has been discharged.

SAME.—*Jury Trial.*—Where a person indicted for grand larceny expressed himself as ready for trial on the fifth day of the term, none of the petit jury being present, not having been summoned to attend until the seventh day, and the court ordered a special jury to be impanelled, over the objection of the defendant, and proceeded to try him;

*Held*, that the trial was irregular, and the defendant was entitled to a new trial.

APPEAL from the Grant Circuit Court.

OSBORN, C. J.—The appellant was indicted for grand larceny, tried by a jury, convicted, and, over a motion for a new trial, sentenced, on the fifth day of the April term, being the 2d day of May, 1873. Proper exceptions were taken by him to the action of the court.

By an act of the General Assembly, approved March 7th, 1873, and which by its terms was in force from its passage, it is provided, that the circuit judges should have the power, and it was made their duty, by proper order, to arrange and regulate the order of business in their respective circuits, and in such order to provide,

1. For the making up of issues and transaction of probate business.

2. For the trial of criminal business.

3. For the trial of civil business.

It provided that the petit jury should be summoned to appear on the first day designated for the trials of criminal business and not before; that after the beginning of the trial term, the court should proceed to try the cases in their regular order, which trials should not be delayed or interrupted by the making up of issues; that the judge should,. as far as practicable, so arrange the cases to be tried by the court, that they might be tried after the discharge of the jury; and that the jury should be immediately discharged. when the issues requiring it should be disposed of. The act conferred upon the court power, when its business should require it, to order the impanelling of a special jury for the trial of any cause. Acts of Reg. Ses. 1873, p. 103.

The regular panel of jurors was summoned to appear on Monday, the 7th day of the term, and we will presume, in the absence of any thing to the contrary, that that was the first day designated in the order of the judge for the trial of criminal business. On Friday, the fifth day of the term, and when none of the regular panel of jurors were present, the appellant expressed himself as ready for trial by the court. The court, of its own motion, ordered the sheriff to call a jury of the by-standers to try the indictment, which order was complied with. The appellant objected to being tried by that jury and demanded to be tried by the regular panel. His objection was overruled, and he was compelled to proceed with his trial then and before that jury.

The action of the court is attempted to be maintained under the provision authorizing the court to order the impanelling of a special jury when its business requires it. The business of the court could not require the trial of an issue of fact before the day designated for it in the judge's order, or before the day on which the jury was to be summoned to appear. The construction claimed would leave it to the mere uncontrolled discretion of the judge to decide that the business of the court required the trial of a cause by a jury before the day to which witnesses were summoned. On the day designated, the trial term commenced. After that the business of the court might require a special jury, but not before. The regular panel might be engaged in the trial of a cause, or discharged.

We think it more in accordance with the spirit of our laws to put such a construction upon the one in question as not unnecessarily to deprive a party of the benefit of the regular panel of jurors. *Rogers* v. *The State*, 33 Ind. 543.

Other questions are discussed by counsel, but as the one decided disposes of the whole case, it is unnecessary to consider them. Indeed, it can hardly be said that they remain as questions in the record after the main one is decided; and, besides, we do not think the alleged errors will occur again on another trial of the cause.

The judgment of the said Grant Circuit Court is reversed, and the warden of the northern state prison is directed to cause the appellant to be returned to the jail of Grant county and delivered over to the jailor of that county.

*A. Steele, R. T. St. John,* and *G. T. B. Carr,* for appellant.

*J. C. Denny,* Attorney General, for the State.