## McAleer v. State of Indiana.

[No. 24,952.    Filed November 13, 1928.]

*Hanley & Hanley,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *U. S. Lesh,* for the State.

TRAVIS, J.—Appellant is charged, by the first count of an affidavit, with unlawfully and feloniously entering an office in the nighttime, and then and there unlawfully and feloniously attempting to commit a felony, to wit: to unlawfully and feloniously take, steal and carry away certain goods and chattels and property belonging to one Bert Emonds, contrary, etc. (§2448 Burns 1926); and by the second count with unlawfully and feloniously, and in an insolent and angry manner, attempting and threatening to commit a violent injury upon the person of one Bert Emonds, he (the said appellant) then and there having the present ability to commit said injury by then and there unlawfully and feloniously purposely, and with premeditated malice, aiming, pointing and brandishing at the said Bert Emonds with a certain gun then and there loaded with gun powder and leaden shot, which appellant then and there held in his hand with intent to commit a felony, to wit: to unlawfully and feloniously take, steal and carry away certain goods, chattels and property belonging to the said Bert Emonds, contrary, etc., (§2417 Burns 1926). Appellant pleaded not guilty, and the issue was tried to the court, which made its finding of guilty upon each count, upon which finding there was judgment.

Among the errors alleged, two are presented: (1) That the evidence is not sufficient to prove the ownership of the property in Bert Emonds, alleged by both counts to be the property of Bert Emonds, which, by the first

count, appellant is charged with attempting to take, steal and carry away, and by the second count with the intent to take, steal and carry away; and (2) that the evidence is not sufficient to prove a felonious intent for the reason that the evidence is sufficient, as claimed by appellant, to show that he did not have the mental capacity to form such intent as alleged, for the reason that he was intoxicated.

Appellant with two others had been attending a celebration of Halloween in a neighboring town. They left the scene of the celebration and drove into the country and there obtained two jugs of wine. From there they proceeded to the scene of the alleged crime, viz., the Remington Service Station, in the town of Remington. Appellant, with his companions, entered the service station, each at a different time, and when all were inside the station, appellant drew a loaded pistol and placed the muzzle against the body of Emonds, and one of the three said, "Stick 'em up." Emonds grappled appellant and scuffled with him, after which appellant and his two companions left the service station without having taken from Emonds any of his personal goods, chattels or property. No proof was made that approximately $50, testified to have been in the cash register at the time, was the property of Emonds or of anyone else. Emonds testified that he had money on his person.

To sustain appellant's contention that the evidence is insufficient to prove the ownership of the property intended to be stolen or attempted to have been stolen, it is claimed that the proof of the ownership of the property intended to have been stolen or attempted to have been stolen was in Emonds as alleged. Although there is no proof that Emonds was the owner or the bailee or the agent for the money in the cash register (*State* v. *Carroll* [1908], 214 Mo. 392, 113 S. W. 1051, 21 L. R. A. [N. S.] 311 note) we are of the

opinion that the proof, undenied, that Emonds had money on his person at the time he was so assaulted, is sufficient in proof of the charge that the intent was to take, steal and carry away the property belonging to Emonds. *State* v. *Patton* (1894), 1 Marvel (Del.) 552, 41 Atl. 193. See *Heygood* v. *State* (1877), 59 Ala. 49.

Concerning the second alleged error, there is a dispute in the briefs concerning the fact as to whether or not appellant was intoxicated at the time of the alleged crime. It is the recognized rule in criminal law that there can be no felonious intent except there be mental capacity to form it, and such mental incapacity may result from intoxication. Ewbank, Criminal Law §750, p. 581; *Bailey* v. *State* (1866), 26 Ind. 422; *Rogers* v. *State* (1870), 33 Ind. 543; *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156, 54 L. R. A. 391; *Aszman* v. *State* (1890), 123 Ind. 347, 24 N. E. 123, 8 L. R. A. 33.

The evidence is conflicting concerning the question of the intoxication of appellant. On behalf of the state, it is clear that appellant talked with his companions upon the plan of the execution of the attempted alleged crime, that he walked into the service station unaided, and went directly to Emonds, who was at the time behind the cash register, and thrust a loaded gun against his body, after which a scuffle ensued. On behalf of appellant, the evidence shows that he left the service station, got into the automobile in which he and his companions came to the service station, and then went to sleep, which condition was noticed by his companions who were in the automobile with him after the attempted commission of the crime. Intoxication was a question of fact and we are of the opinion that the evidence sustains the finding of the court, which included the element of

intent and the mental capacity of appellant to form such intent.

Judgment affirmed.