(78 N. W. Rep. 984.)

---

## STATE vs. JOSEPH KOERNER.

Opinion filed April 29, 1899.

**Voluntary Intoxication No Defense to Crime.**

Voluntary intoxication of a defendant is never to be considered by the jury for the purpose of justifying or excusing the commission of a crime, which has in fact been committed.

**Larceny—Criminal Intent.**

Section 6815, Rev. Codes, which provides that the intoxication of one accused of crime may be considered by the jury in determining the particular purpose, motive, or intent with which the acts were committed, when such purpose, motive,* or intent is necessary to constitute a particular species or degree of crime, construed, and *held*, that larceny, which is a crime requiring the existence of the specific intent to deprive another of the property taken to constitute the crime, is included thereunder, and that the intoxicated condition of the defendant may be shown, to be considered by the jury for the purpose of determining whether this intent actually existed.

**Refusal to Permit Evidence of Intoxication—Error.**

The defendant, as for a defense, offered to show his intoxicated condition at and just prior to the commission of the alleged larceny, as bearing upon the existence of the intent. *Held*, that the rejection of the evidence was error.

**Purpose of Evidence of Intoxication.**

*Held*, further, that the purpose of the admission of this class of evidence is not to justify or excuse the crime, but to aid the jury in determining whether, in fact, the crime has been committed.

Appeal from District Court, Cass County; *Pollock,* J.
Joseph Koerner was convicted of larceny, and appeals.
Reversed.

*A. T. Cole,* for appellant.

Drunkenness is admissable in evidence on the question of intent, where the intent is an element in the offense without which the offense could not be committed. *Peo. v. Blake,* 4 Pac. Rep. 1; *State v. Bell,* 29 Ia. 316; *Scott v. State,* 12 Tex. App. 31; *Wenz v. State,* 1 Tex. App. 36; *Cross v. State,* 12 N. W. Rep. 425; *State v. Donovan,* 16 N. W. Rep. 206; *State v. Grear,* 13 N. W. Rep. 140; *Latimer v. State,* 76 N. W. Rep. 207; *O'Grady v. State,* 54 N. W. Rep. 556; *Hill v. State,* 60 N. W. Rep. 916; *Head v. State,* 61 N. W. Rep. 494; *Debney v. State,* 64 N. W. Rep. 446; *Ford v. State,* 64 N. W. Rep. 1082; *State v. Garvey,* 11 Minn. 95; *State v.*

*Gut,* 13 Minn. 315; *State* v. *Welch,* 21 Minn. 22; *Peo.* v. *Harris,* 29 Cal. 678; *Roberts* v. *Peo.,* 19 Mich. 401; *Peo.* v. *Walker,* 38 Mich. 156; *Cline* v. *State,* 1 N. E. Rep. 22; *Barber* v. *State,* 39 Ohio St. 660; *Wood* v. *State,* 36 Am. Rep. 13; *Fisher* v. *State,* 64 Ind. 435; *Cummins* v. *Peo.,* 11 N. W. Rep. 184; *Ty.* v. *Davis,* 40 Pac. Rep. 359; *Close* v. *State,* 10 S. W. Rep. 242; *Cleveland* v. *State,* 5 So. Rep. 246; *Terrill* v. *State,* 43 N. W. Rep. 243; *State* v. *Johnson,* 40 Conn. 136; *U. S.* v. *Meagher,* 37 Fed. Rep. 875.

*Fred B. Morrill,* for respondent, cited *People* v. *Odell,* 1 Dak. 189, 46 N. W. Rep. 601.

YOUNG, J. The defendant was tried and convicted of the crime of grand larceny in the District Court of Cass county at the November, 1898, term. Thereafter a motion for a new trial was made on his behalf. This was denied, and on December 6, 1898, he was sentenced to one year in the state penitentiary.

This appeal is based entirely upon errors of law. While the specifications of error are several in number, we need not treat them separately in this opinion; for they are either rendered unimportant, or are determined, by the conclusion which we have reached as to the one error of the trial court in entirely excluding all evidence offered by the defendant to show his intoxicated condition at the time of the alleged offense. At the close of the state's case this offer of testimony was made: "The defendant now offers, as his defense in this action, to show by competent witnesses that he had been under the influence of intoxicating liquors for a number of days just prior to the commission of the alleged offense, and was at that time, and had been so at the time, and was at that time, in a condition not to know what he was doing, or to have control of his will, and that he was incapable of forming or executing an intent to commit any crime whatsoever, by reason of his condition at that time from intoxication, and from his general condition from the effects of previous intoxication." This offer was rejected by the Court, upon objection of the state's attorney, made on the ground that, "under the laws of this state, intoxication is no excuse for the commission of a crime, under section 6815, Rev. Codes." It appears elsewhere in the record that defendant's intoxicated condition had extended over a period of not more than six days. It was plainly a case of voluntary intoxication, and not insanity resulting from long-continued and excessive indulgence in intoxicating liquors, which is a condition always distinguishable from voluntary intoxication. The Court's refusal to receive this testimony is assigned as error. The manner of the offer of testimony by the defendant is treated by counsel for the state as sufficient, and it will be so considered, without expressing an opinion upon that point. We feel that we should also disregard the language of the offer, so far as it appears to restrict it to the one purpose of showing incapacity to form an intent, and treat it, as counsel for the state has done, both in his oral argument and brief, as presenting for our determination the

broader question whether, in a larceny case, the defendant has a right to offer evidence to show his intoxicated condition at the time of the commission of the acts, as bearing upon the existence of the element of intent. If such evidence is admissible for that purpose, to aid in establishing a defense to the crime charged, it should not have been excluded because counsel, in his offer, inadvertently indicated as its purpose a result which may be in excess of the legal effect of the evidence proposed to be introduced.

The legislature of this state has by express enactment declared when and for what purpose the intoxicated condition of one on trial for the commission of a crime may be interposed as a defense, and considered by the jury. Section 6815 Rev. Codes, reads as follows: "No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act." The first portion of the section just quoted, which in effect declares that acts which are criminal when done by a sober person are just as criminal when done by one in a state of voluntary intoxication, is merely the adoption by the legislature of the uniform doctrine of the courts that voluntary intoxication is never a justification or excuse for the commission of a crime. It is evident, then, that if the defendant did in fact commit the crime with which he was charged, his intoxicated condition would not avail, either to justify or excuse him. This his counsel very properly concedes. But it is urged that the crime was not committed, that the larceny was not complete without the intent, and that the testimony offered should have been received, and submitted to the jury, to be weighed by them in determining whether or not the necessary intent existed. The statute does not make evidence of intoxication generally admissible and for all purposes. The language used plainly indicates that the legislature had in mind distinct classes of crimes, and intended to limit the admission of such evidence thereto, and for the purpose expressed, namely, to those crimes whose species or degree depend upon the existence of a particular purpose, motive, or intent as an essential element thereof, and for the purpose of determining the intent with which the acts were committed. The admissibility of the evidence of defendant's intoxication in this case depends, then, entirely upon whether larceny comes within this classification. Homicide plainly does. In such a case evidence of intoxication is admitted, never to excuse the homicide, but to assist the jury in finding the presence or absence of the particular intent which marks the particular degree. Likewise in burglary it is admissible, not to justify the acts of breaking and entering, but to throw light upon the additional element, the intent to commit some other crime, which is the particular element nec-

essary to constitute this species of crime. In neither case, nor in any case within the classification made by the statute, is the evidence either admitted or considered for the purpose of justifying or excusing the crime, but for the sole purpose of determining whether in fact, the particular species or degree of crime has been committed.

Are the elements of larceny such as to bring it also within the class of crimes permitting the consideration of evidence of intoxication for the purpose of determining the intent with which the acts are committed? Our answer must be in the affirmative, and our conclusion is that the exclusion of the evidence of defendant's intoxicated condition by the trial court, when considered as offered as a defense to the crime with which he was charged, was error. In reaching this result the fact that larceny is divided into degrees has no weight for its degrees depend wholly upon the value of the property taken. Our conclusion that it is included is based upon the statutory definition of larceny, which makes the intent to deprive another of the property taken a particular and essential element to constitute the crime, without which it does not exist, as well as upon the uniform classification of larceny, by text writers and courts, as a crime requiring a specific or particular intent. 1 Whart. Cr. Law, § § 51-53, 883; 1 McClain, Cr. Law, § 161; Bish. Cr. Law, (4th Ed.) § 490; *Mason* v. *State,* 32 Ark. 238. In *State* v. *Welch,* 21 Minn. 26, the Court said: "In a prosecution for larceny the act of the prisoner, the mere taking, does not constitute the offense, but the act coupled with the intent to steal; and the question is not, did the prisoner intend to take the goods, but, did he take them animo furendi?" In *People* v. *Walker,* 38 Mich. 156, a larceny case, the verdict was set aside for error in charging the jury as follows: "Even if the jury should believe that the defendant was intoxicated to such an extent as to make him unconscious of what he was doing at the time of the commission of the alleged offense, it is no excuse for him, and they should not take it into consideration. A man who voluntarily puts himself in condition to have no control of his actions must be held to intend the consequences." Cooley, J., said: "This charge was given in reliance upon the general principle that drunkenness is no excuse for crime. While it is true that drunkenness cannot excuse crime, it is equally true, that, when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass, but it consists in the wrongful taking with felonious intent; and if the defendant, for any reason whatever, indulged no such intent, the crime has not been committed." In *Chatham* v. *State,* 92 Ala. 47, 9 So. Rep. 607, another larceny case, the Court said: "When the offense consists of an act committed with a particular intent, when a specific intent is of the essence of the crime, drunkenness, as affecting the mental state of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent." *Wood* v. *State,* 34

Ark. 341, also a larceny case, is in full accord with the cases just cited. See, also, *State* v. *Bell,* 29 Iowa 318; *State* v. *Schingen,* 20 Wis. 79;. See, also *Pigman* v. *State,* 14 Ohio 465; *Lytle* v. *State,* 31 Ohio St. 196. The only state, so far as we can ascertain, which has excluded the evidence of a defendant's intoxication in larceny cases, is Indiana. *O'Herrin* v. *State,* 14 .Ind. 420, and *Dawson* v. *State,* .16 Ind. 429, are against the admission of such evidence. The later case of *Bailey* v. *State,* 26 Ind. 422, however, held such evidence competent, as tending to show whether the defendant was in a mental condition so as to be able to commit the crime. And still later, in *Rogers* v. *State,* 33 Ind. 543, that Court reversed the lower court for refusing to admit evidence to show that the defendant, who was addicted to the use of opium, had at the time of the offense been deprived of his accustomed supply of the drug, upon the ground that the evidence went to show his mental condition, and bore upon the existence of the intent. This case is cited by *Chatham* v. *State,* 92 Ala. 47, 9 So. Rep. 607, in support of the admissibility of evidence of intoxication in larceny cases. In the latter case the Court said: "When the offense consists of an act committed with a particular intent, when a specific intent is of the essence of the crime, drunkenness, as affecting the mental state and condition of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent. * * .* The decided weight of authority sustains the doctrine that evidence of the condition of .the accused, though caused by voluntary drunkenness, is receivable, and may be considered by the jury in determining the question of intent." If the property taken is not taken with the intent to deprive another thereof, the crime of larceny has. not been committed, and the existence of this intent is always for the jury to determine. There is no degree of intoxicaton, however great, which, of itself, is recognized as rendering one legally incapable of forming a criminal intent. But there may be a mental condition amounting to a species of insanity, superinduced by long and excessive use of intoxicating liquors, which amounts to a legal incapacity to commit crime. In such a case the jury passes upon the existence of that condition, and, if the condition exists wherein the accused is legally irresponsible, the law holds him guiltless of crime.

From an application of a familiar principle that every person is presumed to intend to do that which he does do, and also to intend the natural consequences of his acts, juries very naturally and usually do infer, from the acts entering into the crime of larceny and the manner of their commission, the intent to deprive another of the property taken; but this is by no means a necessary inference, for the intent accompanying the acts may be entirely wanting, or in itself an innocent one. For instance, the property may be taken with an intent to return it, or be taken by mistake, or .some intent other than to deprive the owner thereof, in which case larceny has not, of course, been committed. The intent to steal does not follow the

act of taking as a legal and conclusive presumption; and we may add that the act of the legislature, in admitting this class of evidence in particular cases where intent is peculiarly the gist of the crime or degree, is not an arbitrary exercise of power, for it rests on the underlying principle that the ultimate object of judicial inquiry in every criminal prosecution is to determine whether a crime has been committed, and to ascertain the guilt or innocence of the accused. And it would seem to us equally justifiable in principle to prohibit a jury from considering evidence of a defendant's physical condition, where it amounted to partial or complete paralysis of his physical powers, and is offered as bearing upon the question whether the physical acts included in the crime were committed, as to exclude from their consideration his intoxicated condition, as bearing upon the existence in his mind of the intent to steal, in view of the fact that the well-known effect of intoxication upon the mind is to impair the normal condition of the mental machinery in varying degrees, and to produce, in some cases of long-continued and excessive use of intoxicating liquors, such a condition of mind as to amount to legal incapacity. The admission of evidence of intoxication in the cases coming within the statute is solely for the purpose of determining whether, in fact, the species or degree of crime charged has been committed, and should always be so restricted by proper instructions, and never be considered by the jury to justify or excuse crimes which have been committed. For the reasons stated, the order of the District Court is reversed, and a new trial granted. All concur.