(103 N. W. 931.)

---

The State of North Dakota v. George O'Malley.

Opinion filed May 2, 1905.

**Robbery — Evidence — Intent — Intoxication — Instructions.**

1. In a trial for robbery, where the defendant, besides denying the commission of the acts charged, claims that he was, by reason

of intoxication, incapable of forming an intent, it is error to instruct the jury, in effect, that the intent to steal should be conclusively presumed from the unlawful and forcible taking unless the defendant was so intoxicated as to be incapable of forming an intent.

Appeal from District Court, Cass county; *Pollock, J.*

George O'Malley was convicted of robbery, and appeals.

Reversed.

*M. A. Hildreth,* for appellant.

The instructions—same as quoted in the opinion—under the evidence of this case were clearly erroneous. State v. Koerner, 8 N. D. 292, 78 N. W. 981, 73 Am. St. Rep. 752; People v. Anderson, 44 Cal. 65; Williams v. Comm., 9 Bush. Ken. 274; Foster v. People, 50 N Y. 598; Hall v. State, 8 Ind. 439; Thompson v. State, 47 Ala. 37; State v. Stewart, 29 Mo. 418; Crocker v. State, 47 Ga. 568; Floyd v. State, 1 Green's Crim. Law Rep. 757; Mooney v. State, 33 Ala. 419.

*Carl N. Frich,* Attorney General, *W. H. Barnett,* State's Attorney, and *Seth W. Richardson,* Assistant State's Attorney, for respondent.

ENGERUD, J. The defendant was tried and convicted of robbery in the first degree, and appeals from the judgment of conviction. The robbery alleged is the same as that involved in the case of State v. Sanders (just decided) 103 N. W. 419. In this case the defendant testified in his own behalf, denying the commission of the offense, and there was evidence to the effect that he was intoxicated.

In the course of the charge to the jury, the trial court used the following language: "I charge you that a person intends the ordinary consequences of his voluntary act, and that an unlawful act was done with an unlawful intent; and the question here would be, was the condition of the defendant with reference to his intoxication such as to overcome and do away with any intent to commit the crime charged? And in connection with this, I will say that you are to investigate all the evidence with reference to the surrounding circumstances, and ascertain whether he was so intoxicated as to prevent the formation of an intent required by law." This instruction was excepted to, and is assigned as error. The exception

must be sustained. As pointed out in State v. Fordham, 13 N. D. 494, 101 N. W. 888, one of the essential ingredients of the crime of robbery, which it is incumbent on the state to prove, is the intent to steal. As shown in the case cited, it is not the mere unlawful taking of property from the person or presence of another, even though accomplished by force or fear, that constitutes robbery. All these elements may be present, and yet the act be a mere trespass, because the criminal intent is absent. In other words, an unlawful taking is not necessarily a taking with intent to steal. The instruction complained of, in effect, told the jury that, if they believed all the other elements of the crime charged were established by the evidence, then the intent to steal was conclusively presumed, as a matter of law, unless it appeared that by reason of intoxication the defendant was incapable of forming an intent. In short, the only evidence which the jury could consider on the question of intent was that relating to intoxication. This is clearly erroneous, because the intent to steal, like every other element of the crime charged, was a fact to be established to the satisfaction of the jury from all the evidence before them. As was said in State v. Koerner, 8 N. D. 292, 296, 78 N. W. 981, 73 Am. St. Rep. 752: "From an application of a familiar principle that every person is presumed to intend to do that which he does do, and also to intend the natural consequences of his acts, juries very naturally and usually do infer from the acts entering into the crime of larceny, and the manner of their commission, the intent to deprive another of the property taken; but this is by no means a necessary inference, for the intent accompanying the acts may be entirely wanting, or in itself an innocent one. * * * The intent to steal does not follow the act of taking, as a legal and conclusive presumption. * * *"

The judgment is reversed and a new trial ordered. All concur.