**UNITED STATES of America, Appellee,**

v.

**Bruce Donald BYRD, Appellant.**

**No. 76–1516.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1976.

Decided Oct. 20, 1976.

---

Donald H. Nichols, Minneapolis, Minn., for appellant.

Robert G. Renner, U.S. Atty. and John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Bruce Donald Byrd challenges his conviction on five counts of unlawful possession of mail which had been left for collection upon or adjacent to an authorized depository of mail, knowing the same to have been stolen in violation of 18 U.S.C. § 1708.[1]

On January 23, 1976, Josephine Powers, a resident of an apartment building, placed four stamped business reply envelopes for mail pickup on a ledge on top of a receptacle used for the delivery of mail in the apartment lobby. At about 11:30 A.M. the next morning, she added a fifth envelope to the original four. Each envelope contained a preaddressed money order. Three hours later, Ms. Powers checked for incoming mail and noticed that the money order envelopes were gone.

On the evening of January 25, 1976, when the appellant was stopped on suspicion of

---

1. *§ 1708. Theft or receipt of stolen mail matter generally*

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

an unrelated charge, a pat-down search of the appellant by police revealed the five money orders Ms. Powers had left for mail pickup the previous day in the appellant's wallet. The appellant volunteered that he had found the money orders on the floor of the apartment building where Ms. Powers resided, and intended to return them to their rightful owner. The appellant was arrested, charged by indictment and convicted at trial by jury on all counts.

On appeal, Byrd seeks reversal on two grounds: first, that by failing to define "mail" and "mail left for collection" in the jury instructions, the trial court incorrectly stated the elements necessary to prove an offense under 18 U.S.C. § 1708; and, second, that the evidence is insufficient to support the conviction. We affirm.

### I.

■ The appellant's first complaint, regarding alleged inadequacies in the trial court's jury instructions, is not properly before this Court. Under Rule 30, Fed.R. Crim.P., error may not be assigned to any portion of a charge unless the complaining party, after the charge is given, distinctly states both the matter to which he objects and the grounds for his objection. After reading the charge to the jury, the trial judge asked if counsel wished to call any misstatements or omissions to the attention of the court. The appellant's counsel replied that he did not. Where, by failing to object after the charge is given, a party does not give the trial court a fair opportunity to correct the questioned instructions, that party is foreclosed by Rule 30 from raising the issue on appeal. *United States v. Sargis,* 460 F.2d 1329, 1330 (8th Cir. 1972); *United States v. Brown,* 453 F.2d 101, 106–107 (8th Cir. 1971), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1205, 31 L.Ed.2d 253 (1972); *Armstrong v. United States,* 228

F.2d 764, 768 (8th Cir.), *cert. denied,* 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450 (1956).

■ The appellant contends that although he voiced no objection at the conclusion of the charge, his submission of an alternative instruction covering the same general subject matter, and the discussion of that request in chambers, made the substance of his objection known. The mere submission of requested instructions, however, does not satisfy the requirement of Rule 30 that the complaining party indicate specifically why the court's instructions are erroneous and what should be done to conform the instructions to law. *United States v. Phillips,* 522 F.2d 388, 391 (8th Cir. 1975). *See also United States v. Freeman,* 514 F.2d 171, 174–175 (8th Cir. 1975); *United States v. Brown, supra* at 106–107; *Pritchard v. United States,* 386 F.2d 760, 767–768 (8th Cir. 1967), *cert. denied sub nom., Borchelt v. United States,* 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). This is particularly true where, as here, the tendered instruction is not coextensive with the alleged deficiencies raised on appeal.[2] Under such circumstances, the trial judge cannot be said to have been given adequate notice and an opportunity to correct his charge. Receiving no objection to his instructions as given to the jury, the trial judge might well believe that his instructions as finally formulated incorporate the substance of any instructions previously tendered by the parties. *See Armstrong v. United States, supra* at 767–768.

■ Moreover, we find the appellant's criticism of the jury instructions to be wholly without merit. The trial court instructed the jury on the elements of the offense as follows:

There are two essential elements required to be proved and to be established in order to establish a conviction:

---

**2.** The instruction tendered by the appellant, that "if the envelopes were in fact found on the floor they were not taken from the mails," was rejected by the trial court. This instruction is hardly synonymous with the deficiencies in the trial court's instructions raised on appeal, namely, the failure of the court's instructions to

define "mail" and "mail left for collection." This point is underscored by the trial judge's indication in chambers that he was willing to consider any definition of "from the mail" or "authorized depository for mail" offered by the parties, a challenge to which the appellant failed to respond.

First: That the possession of mail or anything contained therein which had been stolen while left for collection upon or adjacent to a collection box or other authorized depository of mail matter;

Second: Possessing such letter or contents of that letter knowing that it had been stolen. Those are the two elements of the offense.

You will have in mind that an essential element is that the mail matter, or whatever was contained in the mail matter, must have been stolen while left for collection * * *

The appellant, citing *United States v. Logwood,* 360 F.2d 905 (7th Cir. 1966); *United States v. Johnson,* 463 F.2d 216 (9th Cir.), *cert. denied sub nom., Gant v. United States,* 409 U.S. 1028, 93 S.Ct. 472, 34 L.Ed.2d 322 (1972); and *United States v. Lynn,* 461 F.2d 759 (10th Cir. 1972), contends that proof that an article is stolen "from the mails" is a prerequisite to conviction for unlawful possession of stolen mail under 18 U.S.C. § 1708; and that had the trial court defined when an article is "in the mail" the jury might well have concluded that the letters, when found by the appellant on the vestibule floor, were not "in the mail" within the meaning of the statute.

The cases cited by the appellant are inapposite here. In those cases, prosecution was under the first and third paragraphs of § 1708, requiring a showing of possession of one of the enumerated articles which had been stolen "from or out of any mail." Therefore, a definition of "mail" or "from the mail" was indeed critical. The prosecution in the instant case, however, was under the second and third paragraphs of § 1708. The second paragraph of § 1708, by requiring a finding that the article was stolen while "left for collection upon or adjacent to a collection box or other authorized receptacle," expressly delineates when articles are to be considered "in the mail" and thus eliminates the need for judicial determination of the termini of the statute's protection. By tracking the language of the second and third paragraphs of § 1708, the trial court accurately and adequately defined the essential elements of the offense charged. *See United States v. Ashford,* 530 F.2d 792, 798 (8th Cir. 1976); *Batsell v. United States,* 403 F.2d 395 (8th Cir. 1968), *cert. denied,* 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969).

II.

The appellant's claim that the evidence is insufficient to support the conviction is likewise without merit. It is axiomatic that when evaluating the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the government. *United States v. Shahane,* 517 F.2d 1173, 1174 (8th Cir. 1975); *United States v. Powell,* 513 F.2d 1249, 1250 (8th Cir.), *cert. denied,* 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77 (1975). Upon review of the record, we find that there clearly was sufficient evidence to sustain the verdict.

Finding no error in the proceedings below, we affirm the judgment of conviction.