**UNITED STATES of America, Appellee,**

v.

**John D. PARISIEN, Appellant.**

**No. 77–1879.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 26, 1978.

Decided May 2, 1978.

James R. Britton, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

John D. Parisien appeals from a jury verdict finding him guilty of larceny within the boundaries of Indian territory, a violation of 18 U.S.C. §§ 661 and 1153. Appellant Parisien's sole contention on this appeal is that the district court's [1] instruction to the jury concerning voluntary intoxication was erroneous. We affirm.

Parisien requested the following instruction (Defendant's Requested Instruction No. 7) on intoxication:

Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent.

So, evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the defendant acted, or failed to act, with specific intent, as charged.

If the evidence in the case leaves the jury with a reasonable doubt whether, because of the degree of his intoxication, the mind of the accused was capable of forming, or did form, specific intent to commit the crime charged, the jury should acquit the accused.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

See 1 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions § 14.19 (3rd ed. 1977).

---

Kenneth A. Olson of Lanier, Knox & Olson, Fargo, N. D., on brief for appellant.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota. Chief Judge Benson sentenced Parisien to the custody of the Attorney General for a period of three years.

The district court did not use that instruction, but gave the following instruction concerning voluntary intoxication:

A condition or state of voluntary intoxication, if shown by the evidence to have existed in the Defendant at the time he allegedly committed the crime charged, is not of itself a defense. As a general rule, voluntary intoxication affords no excuse, justification or extenuation for a crime committed under its influence.

But, whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, you may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

Thus, in the crime of larceny, of which the Defendant is accused in this case, the specific intent to steal and purloin is a necessary element of the crime. So, evidence that a defendant acted while in a state of intoxication is to be considered in determining whether or not the defendant acted with specific intent, as charged. The weight to be given the evidence on that question and the significance to attach to it, in relation to all the other evidence, are for you to determine.

Parisien contends that the instruction given by the court failed to instruct the jury to acquit the accused if they had a reasonable doubt as to whether the accused had the capacity to form the specific intent required for the crime of larceny. Parisien further argues that the given instruction failed to instruct the jury in accordance with the applicable North Dakota statute.

The record reveals that on November 8, 1977, out of the presence of the jury, the attorneys made specific objections to the district court's proposed instructions. Parisien's attorney took specific exception to the court's instruction concerning possession of property recently stolen (Instruction No. 15). In addition, Parisien's attorney specifically excepted to the court's failure to include three of Parisien's requested instructions (Defendant's Requested Instructions Nos. 8, 10 and 12). However, at no time did the defense take exception to the court's instruction on voluntary intoxication, nor did he object to the court's failure to give Defendant's Requested Instruction No. 7, *supra*.

■ Fed.R.Crim.P. 30 provides in part: No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

As this court has stated before in reference to Rule 30, "The object of Rule 30 is to afford an adequate opportunity for the trial judge to correct mistakes in his charge and for the opposing party to keep the record clear of error." *United States v. Phillips*, 522 F.2d 388, 391 (8th Cir. 1975).

■ Our review of the record convinces us that the district court was not afforded the opportunity to correct the alleged mistakes in the voluntary intoxication instruction. Parisien's initial tender of an alternative instruction, without objecting to specific error in the court's final charge concerning voluntary intoxication, does not comply with Rule 30. *United States v. Byrd*, 542 F.2d 1026, 1028 (8th Cir. 1976); *United States v. Phillips, supra*, 522 F.2d at 391. *See United States v. Williams*, 172 U.S.App.D.C. 290, 295–296, 521 F.2d 950, 955–56 (1975). We are aware of the district court's general statement to counsel, after all specific exceptions had been voiced by counsel, that "All specific requests for instructions except as included within the general charge are denied, and counsel are deemed to have taken exception to any requested instructions that were not included in the general charge." This, however, does not relieve counsel of making specific exceptions under Rule 30.

■ Since there was no timely objection to the voluntary intoxication instruction, we will regard it as reversible error only if it affects substantial rights. Fed.R.Crim.P. 52(b). *See United States v. Gambina*, 564 F.2d 22, 24 (8th Cir. 1977); *United States v.*

*Cheyenne,* 558 F.2d 902, 906 (8th Cir. 1977); *United States v. Robinson,* 539 F.2d 1181, 1185 (8th Cir. 1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1124, 51 L.Ed.2d 550 (1977); *United States v. Hinderman,* 528 F.2d 100, 102 (8th Cir. 1976).

■ We do not find plain error affecting Parisien's substantial rights in the district court's failure to include within the voluntary intoxication instruction a statement concerning reasonable doubt. It is axiomatic that the jury instructions should be construed as a whole. *United States v. Kershman,* 555 F.2d 198, 201 (8th Cir.), *cert. denied,* 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977). The court's instructions to the jury fully set out the burden of the government to prove the defendant's guilt beyond reasonable doubt. Instruction No. 9, in which the four essential elements of the crime were stated, included the following: "That in taking the 270 caliber rifle with scope, the Defendant acted willfully and with specific intent to steal or purloin." This was followed by: "As stated before, the burden is upon the United States to prove each of these essential elements beyond a reasonable doubt." Again in Instruction No. 19 the jury was reminded "If the accused be proved guilty beyond reasonable doubt, say so. If not so proved guilty, say so." We are therefore persuaded when the instructions are considered as a whole, it was not plain error to exclude a statement about reasonable doubt in the voluntary intoxication instruction.

Having so held, we feel it important to note that this court has approved a voluntary intoxication instruction which includes a statement on reasonable doubt and the duty to acquit. *United States v. Littlebear,* 531 F.2d 896, 898 (8th Cir. 1976); *Goings v. United States,* 377 F.2d 753, 757 n.3 (8th Cir. 1967). Although in the instant case the court's failure to include a statement about reasonable doubt in the voluntary intoxication instruction did not rise to the level of plain error, appellant's Requested Instruction No. 7 found in 1 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions § 14.19 (3rd ed. 1977)[2] was the appropriate one to give.

■ Parisien also argues that the changes in North Dakota law, N.D.Cent. Code § 12.1–04–02 (Supp.1977), require reversal. Although the applicable North Dakota statute has undergone change, in our opinion the substance of the statute has remained the same. Accordingly, the changes in the statute are not ones which require a finding of plain error affecting Parisien's substantial rights.

Affirmed.

HENLEY, Circuit Judge, concurring.

I concur in the result.

---

**2.** In another case from North Dakota this court considered whether the instruction given by the trial court, which was identical to the instruction given in this case, improperly stated whether or not intoxication was a defense to the criminal charge. *United States v. Long Elk,* 565 F.2d 1032, 1040–41 (8th Cir. 1977). This court found that the jury was properly instructed. However, the issue in that case was whether the instruction was improperly phrased in negative terms when the applicable North Dakota statute was phrased in positive terms.

In a case considering a similar issue, the District of Columbia Circuit held that the failure to include a reasonable doubt statement within the instruction on intoxication was reversible error because the jury may have been misled concerning the burden of proof. *United States v. Scott,* 174 U.S.App.D.C. 96, 529 F.2d 338 (1975). We are not persuaded that the views expressed in *Scott* are controlling here. In *Scott* defendant specifically objected to the final charge as given.