**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Jeffrey Lowell TIPLER, Defendant and Appellant.**

**Cr. No. 785.**

Supreme Court of North Dakota.

Feb. 18, 1982.

James Twomey, Asst. State's Atty., Fargo, for plaintiff and appellee State of North Dakota.

Mark A. Beauchene, of Kraemer, Beauchene & Associates, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

As a result of a skirmish which ensued when police officers attempted to arrest him on a felony warrant, Jeffrey Lowell Tipler was charged with "preventing arrest or discharge of other duties," a Class C felony. Sec. 12.1–08–02(1), N.D.C.C.[1] A Cass County jury found Tipler guilty. This appeal followed. We affirm.

At trial, Tipler presented evidence that he was intoxicated at the time of the offense. In addition to his own testimony, Tipler's drinking companions testified concerning his intoxication. One of them opined, "[If Tipler wasn't drunk] there must have been something wrong with the whiskey." The police officers who were present during the scuffle testified contrarily that, in their opinion, Tipler was not intoxicated.

The sole issue raised on appeal concerns the propriety of the intoxication charge given to Tipler's jury:

> ## "SELF–INDUCED OR VOLUNTARY INTOXICATION
>
> "Our law provides that 'intoxication is not a defense to a criminal charge.'

---

1. Section 12.1–08–02(1), N.D.C.C., provides:

   "A person is guilty of a class A misdemeanor if, with intent to prevent a public servant from effecting an arrest of himself or another for a misdemeanor or infraction, or from discharging any other official duty, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to· effecting the arrest or the discharge of the duty. A person is guilty of a class C felony if, with intent to prevent a public servant from effecting an arrest of himself or another for a class A, B, or C felony, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting such an arrest."

"This means that such a condition or state of voluntary intoxication, if shown by the evidence to have existed in the Defendant at the time he allegedly committed the crime charged is not of itself a defense. The law does not permit a person to use his own vice as a shelter against the normal, legal consequences of his conduct.

"Evidence of intoxication may either negate or establish an element of the offense charged. Whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute the commission of a crime, you may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

"Thus in the crime of preventing an arrest of which the Defendant is accused in this case, the specific intent to prevent a public servant from effecting an arrest of himself is a necessary element of the crime. Accordingly, you must inquire into the state of mind under which the Defendant committed the act charged, if he did commit it. In doing so, you may consider the fact, if you so find, that the Defendant was intoxicated at the time he allegedly committed the crime charged. The weight to be given the evidence on that question and the significance to attach to it, in relation to all other evidence, are for you to determine." [2]

Tipler's chief complaint is that the court's instruction "inaccurately [informed] the jury of the law [on intoxication] as it stands today."

In order for us to address this claim, a brief history of the law on intoxication is necessary. The former statute, the "old" law, stated:

"*Intoxication as defense.*—No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act." Sec. 12–05–01, N.D.C.C. (repealed 1973).

In 1973, when the "new" Criminal Code was adopted, the intoxication statute was rewritten:

"*Intoxication.*—1. Intoxication is a defense to the criminal charge only if it negates the culpability required as an element of the offense charged. In any prosecution for an offense, evidence of intoxication of the defendant may be admitted whenever it is relevant to negate the culpability required as an element of the offense charged, except as provided in subsection 2.

"2. A person is reckless with respect to an element of an offense even though his disregard thereof is not conscious, if his not being conscious thereof is due to

**2.** NDJI 1317 reads:

"Our law provides that 'no act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition.

"This means that such a condition or state of voluntary intoxication, if shown by the evidence to have existed in the Defendant at the time he allegedly committed the crime charged, is not of itself a defense. The law does not permit a person to use his own vice as a shelter against the normal, legal consequences of his conduct.

"But, whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, you may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act.

"Thus, in the crime of [_____], of which the Defendant is accused in this case, the specific intent to [_____] is a necessary element of the crime. Accordingly, you must inquire into the state of mind under which the Defendant committed the act charged, if he did commit it. In doing so, you may consider the fact, if you so find, that the Defendant was intoxicated at the time he allegedly committed the crime charged. The weight to be given the evidence on that question and the significance to attach to it, in relation to all the other evidence, are for you to determine."

self-induced intoxication." Sec. 12.1–04–02, N.D.C.C. (amended 1977).

This statute, in turn, was amended in 1977; the law presently reads:

"12.1–04–02. *Intoxication.*

"1. Intoxication is not a defense to a criminal charge. Intoxication does not, in itself, constitute mental disease or defect within the meaning of section 12.1–04–03. Evidence of intoxication is admissible whenever it is relevant to negate or to establish an element of the offense charged.

"2. A person is reckless with respect to an element of an offense even though his disregard thereof is not conscious, if his not being conscious thereof is due to self-induced intoxication."

The first sentence of the intoxication instruction given to Tipler's jury is taken from the present intoxication statute, Section 12.1–04–02, N.D.C.C. Both the second and the fourth paragraphs are excerpted from North Dakota Jury Instruction 1317. This pattern instruction is based on the former intoxication statute, Section 12–05–01, N.D.C.C. (repealed 1973). The third paragraph contains sentences from both the present and former statutes.

Tipler contends that the instruction presented a "confusing mixture of old law with new law." He argues that "drastic changes" were made in the "new" law and that the charge did not adequately explain the effect of intoxication on the defendant's capacity to form the requisite specific intent. In Tipler's view, his proposed charge [3] accurately informed the jury of this concept. To support this claim, Tipler

relies on *State v. Jensen,* 251 N.W.2d 182 (N.D.1977), a controversy engendered by the adoption of the new Criminal Code in 1973. In *Jensen* this court held that an insanity instruction constituted reversible error because it contained a "confusing blend" of the insanity defenses permitted under the old and the new codes. Justice Vogel, writing for the court, reasoned that there were "substantial differences in the formulation of the rule between the Old Code and the New Code, . . ." *Jensen, supra,* 251 N.W.2d at 186. In *Jensen,* the defendant also asserted that he was deprived of the defense of intoxication because the court had instructed the jury under the old code, rather than the new code.[4] Without deciding whether or not reversible error was committed by giving the intoxication instruction, the court stated that the defendant was entitled to an instruction based upon the new code. *Jensen, supra,* 251 N.W.2d at 188. We must now decide whether or not the trial court committed reversible error by combining language from present and former statutes in its intoxication instruction.

The law governing our review of jury instructions is well established. The instructions must fairly inform the jury of the law that must be applied. A court need not give instructions in the specific language requested by the defendant. *State v. Folk,* 278 N.W.2d 410, 414 (N.D.1979). Jury instructions should not mislead or confuse the jury. *State v. Jensen, supra.* "In determining whether a jury instruction is misleading, the instruction as a whole must be considered." *State v. Roquette,* 290 N.W.2d 260, 265 (N.D.1980), quoting *State v. Erickson,* 241 N.W.2d 854, 861 (N.D.1976).

---

**3.** Tipler requested the following instruction but it was refused:

"VOLUNTARY INTOXICATION

"Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent.

"So, evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the

defendant acted, or failed to act, with specific intent, as charged.

"If the evidence of the case leaves the jury with a reasonable doubt whether, because of the degree of his intoxication, the mind of the accused was capable of forming, or did form, specific intent to commit the crime charged, the jury should acquit the accused."

**4.** The provision of the "new" code referred to in *State v. Jensen* is Section 12.1–04–02, N.D. C.C., prior to the 1977 amendment.

The basic principles of law have not changed since the first intoxication statute was enacted in 1877. Although voluntary intoxication is not exculpatory in itself, where an offense requires a "specific intent," intoxication may be considered in determining whether or not such intent exists. As this court explained long ago, "[Evidence of intoxication is not] considered for the purpose of justifying or excusing the crime, but for the sole purpose of determining whether, in fact, the . . . crime has been committed." *State v. Koerner*, 8 N.D. 292, 78 N.W. 981, 982 (1899).

Unlike the "substantial differences" between the old and the new insanity defenses considered in *Jensen, supra*, the changes in the intoxication statutes did not alter the substance of the law. Rather, the statutes express the same time-honored principles in different words. For instance, the old code said that "[n]o act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition." Sec. 12–05–01, N.D.C.C. (repealed 1973). The 1973 statute, cast in positive terms, stated that "[i]ntoxication is a defense to the criminal charge only if it negates the culpability required as an element of the offense charged." Sec. 12.1–04–02, N.D.C.C. The 1977 amendment recast the law in negative terms: "Intoxication is not a defense to a criminal charge." Sec. 12.1–04–02, N.D. C.C. These statements do no more than express, in varying ways, the rule that it is no excuse that the actor might not have committed the crime had he been sober.

We hold that the charge as given fairly informed the jury of the law on intoxication. The trial judge clearly instructed the jury that intoxication may negate an element of the offense charged and that it should consider "the fact that the accused was intoxicated . . . in determining the . . . intent with which he committed the act." The instruction specifically identified the requisite specific intent involved in the case,

i.e., the intent to prevent a public servant from effecting an arrest, and reiterated that the jury should consider intoxication in deciding whether or not the defendant possessed the necessary specific intent.

These are correct statements of the law. The inclusion of language from former statutes and North Dakota Jury Instruction 1317 does not render the instruction erroneous so long as the instruction fairly informed the jury of the law. The trial court was not required to give the instructions in the specific language requested by the defendant. *State v. Folk, supra*.

■ As an additional point of error, Tipler argues that the instruction should have contained a specific statement informing the jury of its duty to acquit the defendant if the evidence of intoxication raised a reasonable doubt as to the existence of specific intent. To support this contention, Tipler relies on *United States v. Scott*, 174 U.S. App.D.C. 96, 529 F.2d 338 (D.C.Cir.1975), and *United States v. Parisien*, 574 F.2d 974 (8th Cir. 1978), *cert. denied* 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 154 (1978). In *Scott*, the District of Columbia Circuit held that the failure to include a reasonable-doubt statement within the instruction on intoxication was reversible error. The error in *Scott* stemmed from the inclusion of a statement which may have misled the jury concerning the burden of proof.[5] No such potential for misunderstanding was present here. Likewise, *United States v. Parisien, supra*, has not persuaded us that the failure to include a statement about reasonable doubt in the intoxication instruction is reversible error. In *Parisien*, the Eighth Circuit considered the same argument under the plain-error standard of Rule 52(b), F.R. Crim.P., because the defendant had not objected properly to the instruction at trial. Construing the jury instructions as a whole, the Court found that they fully informed the jury of the Government's burden to

---

**5.** The instruction stated, in part:

"Voluntary drunkenness is no defense to a criminal act unless specific intent or knowledge is an element of the offense; *then drunkenness may be shown to prove mental incapability to form the specific intent.*" *United States v. Scott*, 529 F.2d 338, 340 (D.C.Cir.1975).

prove guilt beyond a reasonable doubt. After holding that the exclusion of the reasonable-doubt statement was not plain error, the Appeals Court noted that it had approved an intoxication instruction containing such a statement. The Court stated that this instruction was the "appropriate one to give." *Parisien, supra,* 574 F.2d at 977.

Although the instruction requested by Tipler was patterned after the instruction deemed "appropriate" in *Parisien,* we do not think that the failure to give the instruction, with its reasonable-doubt statement, constitutes reversible error. It is axiomatic that jury instructions must be considered as a whole. *State v. Roquette,* 290 N.W.2d 260, 265 (N.D.1980). The court's instructions fully explain the State's burden to prove the defendant's guilt beyond a reasonable doubt. One instruction informed the jury that it could find the defendant guilty only if the allegations in the information were proved beyond a reasonable doubt. Another stated that no person may be convicted of an offense unless each element is proved beyond a reasonable doubt. The same instruction explained that "[t]he required culpability is an element of every offense" and identified the intent to "prevent a public servant from effecting an arrest" as the "culpability required for the crime."[6] The instructions, considered as a whole, correctly advised the jury of the State's burden to prove that the defendant formed the intent required to commit the crime.

The inclusion of a statement on reasonable doubt and the duty to acquit, within the intoxication instruction, would undoubtedly enhance the clarity of the instruction; similarly, the instruction could be improved to more clearly advise the jury of the legal effect of intoxication. The instruction as given, however, fairly informed the jury of the law as it is now written and does not constitute reversible error.

The judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

**6.** The instruction identified the additional culpability required for the crime, i.e., "willfully." The charge then summarized the requisite culpability: "Thus, the culpability required by the crime of preventing arrest [is] that the Defendant 'willfully' created a substantial risk of bodily injury to a public servant or employed means justifying substantial force to overcome resistance to effecting the arrest, and that he did so 'with intent to prevent a public servant from effecting an arrest.'" (The statute defining the offense, Section 12.1–08–02, N.D.C.C., does not specifically identify "willfully" as an additional culpability requirement. Under Section 12.1–02–02(2), N.D.C.C., however, "[i]f a statute or regulation thereunder defining a crime does not

specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully.")

We also note that the voluntary-intoxication instruction, originally proposed by the trial court, contained the following sentence: "In addition, if you as a jury find that because of intoxication, the one essential element of the offense that the defendant engaged in such conduct 'willfully' was not proven beyond a reasonable doubt, then you must find the defendant not guilty." This "reasonable doubt" statement was deleted apparently because of its failure to include the essential element of "intent to prevent arrest."