UNITED STATES of America, Appellee,

v.

Frank J. HECHT, Appellant.

No. 82–1842.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1982.

Decided March 4, 1983.

Rehearing and Rehearing En Banc
Denied April 4, 1983.

James M. Rosenbaum, U.S. Atty., Thorwald Anderson, Jr., Asst. U.S. Atty., D.Minn., Minneapolis, Minn., for appellee.

Robert J. Sheran, Joseph G. Kohler, Lindquist & Vennum, Minneapolis, Minn., for appellant.

Before HEANEY, GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Frank J. Hecht appeals from his jury conviction under 26 U.S.C. § 7201 for attempting willfully to evade or defeat corporate income tax for the year 1978. He was acquitted by the jury on the same charge for calendar years 1975, 1976 and 1977. In this appeal Hecht attacks the sufficiency of the evidence to support his conviction. He also contends that other errors entitle him to a new trial. We reject his arguments and affirm.

### I.

To sustain a § 7201 conviction for tax evasion, it must be shown that the defendant attempted willfully to evade the tax, that there was a tax deficiency, and that the defendant committed some affirmative act to that end. *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). Since Hecht challenges the sufficiency of the evidence to support his conviction for calendar year 1978 we will summarize the evidence, viewing it as we must in the light most favorable to the government. *United States v. Swarek,* 656 F.2d 331, 333 (8th Cir.), *cert. denied,* 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981).

Valley News Corporation is a company which distributes magazines and paperback books to retail outlets. At the time of his conviction Hecht had been its president for more than 30 years. The company was on a calendar year reporting basis for the tax years in question. The charges focus upon certain end of the year accounting practices undertaken by the company at the direction of Hecht.

The first practice involved the reporting of income. For the calendar years in question a portion of the receipts received by the company during the months of November and December were placed in a safe until January of the next calendar year, and the receipts were then deposited in a company bank account and included as income in the year of deposit. For the purpose of disguising this practice the date of deposit instead of the date of receipt was entered in the cash receipts journal. For calendar year 1978 receipts in the amount of $528,503 were held for deposit in January 1979.

The second practice involved the deduction of business expenses. For each of the calendar years in question a significant number of checks for expenses were written in January but were backdated for entry in the cash disbursements journal as of

the last business day of the preceding calendar year. For tax purposes the amounts on these checks were deducted in the calendar year corresponding to the date placed on the backdated checks, not the year when the checks were actually written. For calendar year 1978 expenses in the amount of $1,115,074 were deducted although the checks were written and payment was made in 1979.

A government accountant analyzed the accounting system used by Valley News, arrived at a determination that it was a cash basis system, and by applying cash basis principles of timing for the recognition of income (year of receipt) and the deduction of expenses (year of payment), the accountant computed a tax deficiency for calendar year 1978 in the amount of $170,318. There was ample evidence in the record to buttress the accountant's determination that Valley News used a cash basis accounting system, including the testimony of the company's tax counsel and accountant, the fact that Hecht signed a verified tax court petition which alleged that Valley News was a cash basis taxpayer, and state income tax returns were filed by Valley News which indicated it was on a cash basis system of accounting.

In addition, Hecht was not entitled to rely upon the preparer of the Valley News tax returns. In the first place, Hecht did not divulge his practice of postponing the reporting of cash receipts to the Valley News accountant before the 1978 tax return was prepared, even though the company's tax counsel had expressed his disapproval of the practice to Hecht. In addition, Hecht did not tell his accountant about his practice of backdating checks until it was too late to do anything about the situation other than use Hecht's figures in preparing the 1978 return. Upon learning of this practice, the accountant told Hecht that his practice was wrong, and he made it clear to Hecht that when the tax return was prepared it would not be correct. Nevertheless, Hecht signed and filed the 1978 corporate tax return after it was prepared. *See United States v. Vannelli,* 595 F.2d 402, 404–05 (8th Cir.1979); *United States v. Scher,* 476 F.2d 319, 321 (7th Cir.1973).

While we recognize that the case was sharply contested by Hecht, the jury was not required to accept his theory that Valley News was on an accounting system that would explain his method of handling receipts and disbursements. After reviewing the record we are satisfied that the trial judge correctly submitted the case to the jury, the evidence was sufficient to prove each element of the charge for calendar year 1978, and the verdict was a permissible one.

## II.

Hecht complains of the trial judge's failure to give his requested instructions to the jury; however, we have serious doubt whether there is anything before us to review.

Hecht tendered his requested instructions at a "preliminary charge conference". The atmosphere at the conference was informal. Some of Hecht's instructions were discussed by counsel in the presence of the trial judge and others were never mentioned. The trial judge made it clear to counsel that he was not going to take a position on the requested instructions at that time, that he viewed their remarks as nothing more than preliminary observations, and that there would be a final charge conference after the evidence was presented. As we read the record of the conference proceedings, defense counsel did not comply with Fed.R.Crim.P. 30. They failed clearly to articulate the specific errors the trial judge would commit if he failed to give Hecht's requested instructions. *United States v. Parisien,* 574 F.2d 974, 976 (8th Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 154 (1978); *United States v. Phillips,* 522 F.2d 388, 391 (8th Cir.1975). The object of. Rule 30 is to inform the trial judge of any possible error in the instructions so that he may have an opportunity to correct them. *Id.* At best, defense counsel merely offered their requested instructions to the trial judge for

his consideration, and such an offer in and of itself is not sufficient to preserve an error based upon the judge's failure subsequently to use the requests. *United States v. Fountain,* 642 F.2d 1083, 1095 (7th Cir.), *cert. denied,* 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981); *United States v. Byrd,* 542 F.2d 1026, 1028 (8th Cir.1976).

■ Later, at the final charge conference, defense counsel stated "any exception that we would have would be limited to the failure of the trial court to give the instructions heretofore requested, except for this I do not see any basis for objections to the instructions as given or as proposed to be given." And, just before the jury retired for deliberations defense counsel lodged an objection to the charge, stating "the Defendant takes or renews its exceptions to the charge so far as the charge does not give in words or in substance instructions requested by the Defendant." There having been no distinct statement of the grounds of objection at the preliminary charge conference, these generalized objections did not satisfy Rule 30. *United States v. Bey,* 667 F.2d 7, 10 (5th Cir.1982).

■ In any event, we have carefully reviewed the instructions and we conclude that the trial judge did not err in failing to use each of Hecht's requested instructions. We are satisfied that the instructions, as given, were adequate and not erroneous. Moreover, the substance of nearly all the requests were covered by the charge given to the jury.

### III.

■ After a day of deliberations, the jury notified the trial judge that it was having difficulty in arriving at a verdict. With the consent of defense counsel, the judge recalled the jury, read the identical instruction given in the original charge concerning the jury's deliberative duties, 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions,* § 18.01 (3d ed. 1977), and directed the jurors to resume deliberations. No objections were lodged to these procedures. At the end of the next day of deliberations, the jury found defendant guilty on the count involving calendar year 1978. Hecht now argues that the trial judge should have dismissed the jury and that the verdict was coerced. There are four answers to Hecht's arguments: First, defense counsel had no objections. Second, this court has previously examined a nearly identical supplemental instruction and has found that it is not in substance coercive. *United States v. Singletary,* 562 F.2d 1058, 1060–61 (8th Cir.1977). Third, extended jury deliberations were justified after a lengthy tax evasion trial involving multiple charges. Last, the jury deliberated for a substantial period of time after receiving the supplemental instruction. This factor, coupled with Hecht's acquittal on three of the counts, indicates that the supplemental instruction was not coercive under the circumstances in this case.

### IV.

■ Hecht raises other arguments on appeal. He claims that the trial court erred in refusing to admit evidence concerning income tax payments made by Valley News after calendar year 1978, and he complains that he should have been allowed to introduce evidence of a tax accounting statute for magazine and paperback book distributors that is not applicable to tax years prior to 1979. He also argues that he was absolved of criminal intent for calendar year 1978 because he relied upon earlier civil audit examinations that failed to penetrate what we deem to be a disguised accounting system. We have carefully considered these and all other arguments raised by Hecht, and we find that no error was committed that would require reversal of his conviction.

The judgment is affirmed.