**Thurman JOHNSON, Appellant,**

v.

**Jack HOUSER, Sheriff of Pemiscot County, Missouri, Appellee.**

**No. 82–1744.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1983.

Decided April 20, 1983.

Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, Mo., for appellee.

David G. Shy, Cape Girardeau, Mo., for appellant.

Before BRIGHT and FAGG, Circuit Judges, and JONES,* District Judge.

PER CURIAM.

Thurman Johnson brought this action for damages pursuant to 42 U.S.C. § 1983 against Sheriff Robert Houser, claiming that the conditions of his confinement as a pretrial detainee at the Pemiscot County, Missouri jail violated his fifth amendment right to due process. At trial the jury returned a verdict in favor of Sheriff Houser. On appeal Johnson claims that the trial court committed reversible error in instructing the jury. We reject this argument and affirm.

* The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

■ The due process clause of the fifth amendment prohibits the punishment of persons prior to a judgment of conviction. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Villanueva v. George,* 659 F.2d 851, 853 (8th Cir.1981). Johnson argued at trial that he was subjected to the following conditions which constituted punishment in violation of his rights under the due process clause: lack of adequate space; total cell confinement except for court appearances; no exercise privileges; inadequate bedding; no laundry facilities; exposure to outside weather; inability to shower; inadequate ventilation; inadequate diet; inadequate medical and dental care; and racial segregation of inmates.

This appeal concerns the following instruction to the jury:

In order to prove his claim, the burden is upon the plaintiff to establish, by a preponderance of the evidence in the case, the following facts:

First: That defendant confined the plaintiff under conditions intended by the defendant to be injurious to the plaintiff's health * * *.

Johnson contends that this instruction confined his case to lack of adequate medical and dental treatment, which in effect made it an eighth amendment cruel and unusual punishment case as opposed to a fifth amendment due process case, as it was intended to be.

At trial Johnson failed specifically to object to the instruction that was given. During the charge conference, the magistrate read his proposed instruction, which was nearly identical to the instruction eventually given. The magistrate asked whether either party objected and Johnson's counsel stated that he would prefer that the instruction read that "defendant knowingly subjected * * * the plaintiff * * * to punitive conditions of confinement." The court declined to use the proffered instruction. Another instruction in the charge, which also stated that plaintiff had the right to be free from "conditions of confinement which were intended to be injurious to the plaintiff's health," received no objection.

■ Fed.R.Civ.P. 51 provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51 requires that an objection be "sufficiently specific to bring into focus the precise nature of the alleged error." *Wilson v. Crouse-Hinds Co.,* 556 F.2d 870, 875 (8th Cir.) *cert. denied,* 434 U.S. 968, 98 S.Ct. 513, 54 L.Ed.2d 455 (1977); *quoting Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943). The purpose of Rule 51 is to compel litigants to afford the trial court an opportunity to correct any error in the instructions and also to prevent the losing party from obtaining a new trial through relying on a possible error in the original trial. *Lange v. Schultz,* 627 F.2d 122, 128 (8th Cir.1980).

■ In this case, Johnson's objection to the proposed instruction consisted only of the tender of an alternative instruction with wording that Johnson "preferred." The trial court appeared to believe that both the proffered instruction and the court's proposed instruction were legally correct, but that the court's proposed instruction was more appropriate in light of the factual complaints in the case. At no point did counsel correct this misimpression by indicating that the court's charge was in error. The mere tender of an alternative instruction without objecting to some specific error in the trial court's charge or explaining why the proffered instruction better states the law does not preserve the error for appeal. *United States v. Hecht,* 705 F.2d 976, at 978–79 (8th Cir. 1983); *United States v. Parisien,* 574 F.2d 974, 976 (8th Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 154, 58 L.Ed.2d 154 (1978); *United States v. Phillips,* 522 F.2d 388, 391 (8th Cir.1975).

■ Error in the instructions not properly objected to is waived unless the error is plain error in the sense that a miscarriage of justice would otherwise result. *Rowe*

*International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir.1981). The plain error exception is narrow and is confined to the exceptional case in which error has affected seriously the fairness, integrity or public reputation of judicial proceedings. *Id.; Wright v. Farmers Co-op,* 620 F.2d 694 (8th Cir.1980).

 We agree with Johnson that the instruction failed accurately and comprehensively to set forth the proper legal standard. A proper instruction would have focused on whether the conditions of confinement amounted to punishment of the detainee. *See Bell v. Wolfish, supra,* 441 U.S. at 535, 99 S.Ct. at 1871–72. To distinguish between punitive measures and permissible regulatory measures, it must be decided "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538, 99 S.Ct. at 1873. The legitimate governmental purposes of pretrial detention are to insure a detainee's presence at trial and to maintain security and order in its facilities. *Villanueva v. George, supra,* 659 F.2d at 854. The jury can find that the conditions of confinement amounted to punishment on the basis of either direct evidence of intent to punish, or upon an inference that the purpose was punishment from the fact that the condition bore no reasonable relation to a legitimate governmental objective or exceeded what was necessary for obtaining such an objective. *Putman v. Gerloff,* 639 F.2d 415, 420 (8th Cir.1981).

 Although the instruction was inaccurate, under the circumstances in this case, it does not amount to plain error. We cannot agree with Johnson that the instruction effectively transformed the case into one arising under the eighth amendment; the court repeatedly instructed the jury that the issue was whether Johnson had been deprived of his liberty without due process of law. The court framed the due process complaint in terms of injury to health, not because it was trying to limit the scope of Johnson's action, but because in fact, virtually all of Johnson's complaints concerned health.

The only complaint which cannot be said to relate to health, racial segregation, was not well developed at trial and this single apparently inadvertent omission in the charge, which went unnoticed by Johnson's counsel, is not serious sufficiently to warrant reversal. The slight semantic difference between injury and punishment as they relate to health does not so seriously undermine the fairness of the proceedings as to require a new trial when in the context of the initial trial it did not even warrant a proper objection.

Affirmed.