**Virgil HALK, Plaintiff,**

v.

**Andrew HOLLINS, et al., Defendants.**

**No. 84–1064C(1).**

United States District Court,
E.D. Missouri, E.D.

March 10, 1986.

Anthony L. Anderson, Clayton, Mo., for plaintiff.

John J. FitzGibbon, Associate City Counselor, Julian L. Bush, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

NANGLE, Chief Judge.

This case is now before this Court on appeal by plaintiff pursuant to 28 U.S.C. § 636(c)(4).[1] Following a trial on the merits before the Honorable Robert D. Kingsland, United States Magistrate, judgment was entered in favor of all defendants on plaintiff's complaint. On February 7, 1986, this Court heard oral argument from the respective parties. This Court now affirms the judgment entered by the United States Magistrate.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants, all St. Louis City police officers, deprived him of his constitutional rights by beating him during the course of an arrest. On September 23, 1983, plaintiff and his accomplice, Howard Hardy, committed a burglary of a private residence. During the course of the burglary, the police were summoned by a next door neighbor. While conducting a search of the house, the police discovered plaintiff and Mr. Hardy hiding in the basement. Both men refused to surrender voluntarily and were required to be dragged out of their hiding places. The men were placed in a paddy wagon and taken to the police station. Both men complained of suffering injuries during the arrest and were both subsequently taken to City Hospital for medical treatment. The case at bar relates only to the claims of Mr. Halk.

The parties consented to a trial before a United States Magistrate. *See* 28 U.S.C. § 636(c). After a trial on the merits, the jury returned a verdict in favor of each of the defendants. Plaintiff's appointed counsel now requests this Court to set aside the verdict and judgment previously entered by the Magistrate in this cause and grant him a new trial or, in the alternative, to grant him judgment notwithstanding the verdict. For the reasons stated herein, this Court denies plaintiff's requests and affirms the verdicts entered in favor of the defendants.

■ Plaintiff's first argument is that the trial court's misreading of several of the jury instructions constitutes prejudicial error.[2] This Court disagrees. After reviewing each of the misreadings, this Court cannot say that the plaintiff was prejudiced by these mistakes. The errors in the instructions, viewed both individually and collectively, were either so trivial as to be insignificant or were of such a nature that the jury, in their own minds, corrected the errors themselves. The Eighth Circuit has held that the trial court "need not use the exact language of a requested instruction in order to avoid errors so long as the instructions given are accurate and fair to both parties." *Roberts v. Hollocher*, 664 F.2d 200, 203 (8th Cir.1981). While the alterations by the trial court in this case were not intentional, the errors were of such a nature that the instructions remained both accurate and fair to the parties. Moreover, at no time, during either the reading of the instructions or after the jury retired, did plaintiff's counsel object to the errors or ask for a rereading of the instructions. The bare allegation by counsel for the plaintiff that he was not presented with the opportunity to correct the instruction errors is unsupported by the record. While counsel should make every effort to insure that instructions are properly given, in light of the trivial nature of these errors, it is understandable how the attorneys could have missed them. As a result of counsel's failure to object, this Court's review of the challenged instruc-

---

1. Section 636(c)(4) provides, in pertinent part, that "the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals." Accordingly, this Court must apply the standards of review used by a circuit court and its examination of an appeal from a district court judgment. *See Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1039 (7th Cir.1984).

2. Plaintiff's attorney points out errors in fourteen of the thirty-three instructions. Almost all of these errors were of such a trivial nature as to be of no consequence. This Court also notes that the jury was out approximately two hours and no questions were submitted to the trial court by the jury.

tions is limited to a review of whether the errors were "plain error in the sense that a miscarriage of justice would otherwise result." *Johnson v. Houser*, 704 F.2d 1049, 1052 (8th Cir.1983). After reviewing the record, this Court finds that the misreadings in this case do not constitute plain error.

■ Plaintiff's second argument is that the submission of separate verdict forms constitutes reversible error. Again, this Court disagrees. The mere fact that plaintiff alleges that the defendants were liable as joint tortfeasors does not necessarily require a single verdict form. Moreover, based on plaintiff's own allegations, the relative involvement of each officer in the alleged beatings varied. This would indicate a necessity for individual verdict forms rather than a single verdict form. Finally, the fact that the jury returned verdicts in favor of each defendant now moots any question of an inconsistent verdict as the basis for directing a new trial.

■ Plaintiff next argues that the introduction of a photograph of the weapon used by plaintiff during the burglary was prejudicial error. The admission of a photograph is a matter within the discretion of the trial court judge. The test to be applied is whether the prejudicial effect of the admission of the photograph of the gun is outweighed by the probative value of the evidence. *Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d 494, 500 (8th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *Roberts v. Hollocher*, 664 F.2d at 204. Several witnesses testified, without objection, as to the existence of the gun during the trial. Moreover, it was the gun which led police officers to conduct a more thorough search of the basement, which ultimately led to the discovery of the plaintiff and Mr. Hardy. The possible prejudice of linking plaintiff with the gun had already arisen prior to the admission of the photograph. Accordingly, this Court finds no abusive discretion in the admission of the photograph into evidence. *See Roberts v. Hollocher*, 664 F.2d at 204.

■ Plaintiff further argues that his inability to hear the proceedings is grounds for a mistrial. This Court finds this claim to be without merit. As an initial matter, this Court is not convinced that plaintiff suffered a hearing problem to the extent alleged in his appellate brief. The trial transcript indicates that plaintiff was able to respond quite well to questioning by counsel. Plaintiff's counsel was unable to identify to this Court a single significant fact that was omitted from the trial because of plaintiff's alleged hearing impairment. In addition, plaintiff's hearing problem was not called to the trial court's attention until after the trial began. Finally, unlike the defendant in a criminal trial, the plaintiff in a civil trial has no absolute right even to be present in the court room. Plaintiff was adequately represented by able counsel who knew the theory of his case. This Court cannot find any error in the Magistrate's decision to continue with the trial.

■ Plaintiff's next point of error is that the verdict was contrary to the weight of the evidence and, therefore, that the Magistrate's denial of plaintiff's motion for a new trial was erroneous. "A motion for a new trial on the ground that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court and its decision will be reversed only upon a clear showing of abuse." *Rey v. City of Fredericktown*, 729 F.2d 1171, 1174 (8th Cir.1984). *See also Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d at 500. The Eighth Circuit has stated that for a verdict to be disturbed it must have been against the "clear weight", "overwhelming weight", or "great weight" of the evidence. *Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 416 (8th Cir.1985) (citing *Firemen's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 187 (8th Cir. 1972), *cert. denied*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973)). Plaintiff alleges that the mere fact he suffered contusions necessitates a finding that unreasonable force was used by the defendants.

This Court disagrees. To recover under § 1983 for excessive use of force during an arrest, plaintiff must demonstrate that "the degree of force used was unreasonable under the circumstances, or ... the force was used for an improper purpose." *Patzner v. Burkett,* 779 F.2d 1363, 1371 (8th Cir.1985). There are several possible sources of the contusions, namely from persons other than defendants or from the use of reasonable force, upon which a jury could find that defendants did not violate plaintiff's constitutional rights. Accordingly, this Court finds the trial court's denial of plaintiff's request for a new trial was not an abuse of discretion.

Finally, this Court finds that the Magistrate did not err in overruling plaintiff's objection to the jury panel. Plaintiff has made no showing of any substantial underrepresentation of blacks in the selection of jurors. The mere fact that there was only one black on the panel for this case is not sufficient evidence of a discriminatory selection system. Plaintiff has a right to have jurors selected impartially. He does not have a right to have every panel be a representative cross-section of society. *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690 (1975). Accordingly, this Court will overrule plaintiff's last point of error.

While denying plaintiff's request for judgment notwithstanding the verdict or, in the alternative, for a new trial, the Court feels compelled to comment on the outstanding services of plaintiff's court appointed attorney, Mr. Anthony L. Anderson. Mr. Anderson readily accepted his appointment and pursued his client's interests in a very capable manner. While recognizing the personal hardship that civil appointments place on attorneys, the Court feels very strongly that members of the bar should, as a matter of course, be willing to accept such duties. Providing legal services for those unable to pay reflects favorably on both Mr. Anderson and the legal profession as a whole.