Michael TILLWICK, Appellant,

v.

SEARS, ROEBUCK & CO.; Black & Decker, Inc., Appellees.

No. 91–1101.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1991.

Decided May 7, 1992.

Raymond Walden, Omaha, Neb., argued (Daniel P. Chesire, on the brief), for appellant.

J. Joseph McQuillan, Omaha, Neb., argued (Betty L. Egan on the brief), for appellees.

Before JOHN R. GIBSON, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Michael Tillwick appeals from a judgment entered on a jury verdict in his product liability claim against Sears, Roebuck & Company and Black & Decker, Inc. Tillwick brought this diversity action based on strict liability after suffering an injury while using a power saw manufactured by Black & Decker and sold by Sears. Tillwick primarily challenges the giving of a contributory negligence instruction. We affirm the judgment of the district court.[1]

Tillwick, then a junior high school shop teacher, was injured when he used a nine-inch power miter saw to cut a piece of wood. After completing the cut, he returned the blade to an upright position and while the blade was still coasting, reached with his left hand to retrieve a small piece of wood to the right. His left hand then contacted the saw blade. It is not necessary that we recite the details of the evidence. Suffice it to say, Tillwick's left hand was badly cut by the coasting blade. The factual issues at trial had primarily to do with whether Tillwick's hand somehow pushed the guard up or whether the saw had an unreasonably dangerous defect that resulted in the blade guard failing to drop back down and cover the blade after the wood was cut.

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Richard E. Robinson, Senior United States District Judge for the District of Nebraska. Judge Robinson died after entering judgment in this case.

The court instructed the jury that for Tillwick to recover, it must find that the saw was defective in one or more of the ways claimed by Tillwick. It further instructed the jury as to the elements of Tillwick's defective design claim, explained that assumption of the risk and contributory negligence were available as defenses, and defined those defenses.[2]

The court instructed that if Tillwick met his burden of proof and defendants did not do so, the verdict must be for Tillwick. If both Tillwick and defendants met their burdens of proof, the court instructed the jury to compare Tillwick's negligence with the defendants' act or omission. If Tillwick's negligence was more than slight or the defendants' act or omission was less than gross, the verdict must be for defendants. Conversely, if Tillwick's negligence was slight and the effect of defendants' act or omission was gross, the verdict must be for Tillwick. To determine the amount of the verdict, the amount of damage must first be determined without regard for any negligence by plaintiff, then the award must be reduced by the percentage of negligence which the jury decides is attributable to the plaintiff.

The jury returned a verdict in favor of the defendants and the district court denied Tillwick's motion for a new trial.

■ On appeal, Tillwick argues that Nebraska law,[3] which governs this case, does not recognize contributory negligence as a defense to a strict liability claim and that

the district court committed reversible error by giving a contributory negligence instruction. He contends that although a Nebraska statute appears to recognize the defense of contributory negligence in a strict liability case, the statute's legislative history and a 1987 decision of the Nebraska Supreme Court, *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56, 75 (1987), establish that such a defense is not proper in a strict liability case.

■ We are met at the outset with the claim that Tillwick did not preserve an objection to the instruction. Tillwick essentially admits that he did not object at the time the district court called for objections to instructions, but argues that such an objection would have been an unnecessary "formality" because of his lengthy argument in the pretrial brief against the giving of a contributory negligence instruction. The record reflects that Tillwick devoted seven pages of the brief, filed the week before trial, to arguing that contributory negligence was not a defense in a strict liability action. After both sides had presented their evidence, Tillwick's counsel asked that the contributory negligence instruction be amended to include a statement from *Rahmig* limiting the application of the contributory negligence doctrine.[4] The court made the requested change. After reading the instructions to the jury, the district court called for objections, and Tillwick did not object at that time to the giving of the contributory negligence instruction.

> ... [T]he burden is on that defendant to establish, by a preponderance of the evidence, that the Plaintiff himself was also at fault, and *that such fault contributed one of the causes of any injuries and consequent damages....*

**2.** As to contributory negligence, the court instructed:

> Contributory negligence is fault on the part of the person injured, *which cooperates in some degree with the act or omission of another,* and so helps to bring about the injury.
>
> However, contributory negligence, which consists merely of a Plaintiff's failure to discover a defect or guard against the possibility of a defect's existence is not a defense in an action based on strict liability for a defective and unreasonably dangerous product.
>
> By the defense of contributory negligence, a Defendant in effect alleges that ... the Plaintiff himself also contributed one of the causes of any injuries and damages he may have suffered, by his own failure to use ordinary care for his own safety, under the circumstances, at the time and place in question.

**3.** We review decisions applying state law de novo, giving no deference to the district court's ruling. *Salve Regina College v. Russell,* — U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

**4.** At Tillwick's request, the court added the second paragraph to the instruction, beginning with "however." See footnote 2, *supra,* for the complete text of the contributory negligence instruction.

We believe that under these circumstances, Tillwick did not properly preserve his objection and that we may thus review the instruction only for plain error. *See Farmland Indus. v. Frazier–Parrott Commodities, Inc.*, 871 F.2d 1402, 1408 (8th Cir.1989) (mere tender of alternative instruction without specific objection on the record fails to preserve error for appeal) (citing *Johnson v. Houser*, 704 F.2d 1049, 1051 (8th Cir.1983)). *See also Hughes v. Box*, 814 F.2d 498, 503 (8th Cir.1987) (error not preserved when defendants' only reply when asked for objections to instructions was to submit slightly different alternative instruction).

■ The essence of Tillwick's argument is that *Rahmig* and the Nebraska statute that addresses the application of the contributory negligence doctrine are not at odds, although they appear to be. He asserts that legislative history reveals that lawmakers intended no change in the common law governing strict liability when they adopted Neb.Rev.Stat. § 25–21,185 (1989), and that the common law did not recognize contributory negligence as a defense in a strict liability case. The statute, Tillwick contends, uses the terms "contributory negligence" in a broader sense that encompasses "assumption of the risk," which is a defense in a strict liability case. Section 25–21,185 states:

> **Actions for injuries to person or property; contributory negligence; comparative negligence.** In all actions brought to recover damages for injuries to a person or to his property caused by the negligence or act or omission giving rise to strict liability in tort of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence or act or omission giving rise to strict liability in tort of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence or act or omission giving rise to strict liability in tort and contributory negligence shall be for the jury.

The statute, amended in 1978 to include the references to strict liability, permits by its plain terms the application of contributory negligence in a strict liability case. Tillwick asserts that *Rahmig* nonetheless makes the defense inapplicable to a strict liability claim. *Rahmig* states that "contributory negligence, which consists merely of a plaintiff's failure to discover a defect or guard against the possibility of a defect's existence," is not a defense in a strict liability action alleging a defective and unreasonably dangerous product. 412 N.W.2d at 75.

We conclude, for several reasons, that this statement in *Rahmig* does not negate or in any way detract from the plain terms of the statute.[5] First, the statement is dictum. The plaintiff had alleged that the defendant was both negligent and strictly liable; the court's statement on contributory negligence appears in the portion of the opinion addressing whether the plaintiff "was guilty of contributory negligence sufficient to bar recovery on his *negligence claim.*" *Id.* at 75 (emphasis added). Second, *Rahmig* did not address the applicability of section 25–21,185 to strict liability claims. Instead, it cited one case that preceded the amendment of the statute, *Hawkins Construction v. Matthews Co.*, 190 Neb. 546, 209 N.W.2d 643, 655 (1973), *overruled on other grounds, National Crane Corp. v. Ohio Steel Tube Co.*, 213 Neb. 782, 332 N.W.2d 39 (1983), and another in which the statute was not retroactively applied and the court did not address whether it should be, *Hancock v. Paccar, Inc.*, 204 Neb. 468, 283 N.W.2d 25, 37–39 (1979).

Third, this court in *Brookins v. Sargent Ind., Inc.*, 717 F.2d 1201 (8th Cir.1983), observed that under section 25–21,185, a "plaintiff now may be completely barred from recovery in a strict liability action" if

---

**5.** *Meisner v. Patton Elec. Co.*, 781 F.Supp. 1432, 1442–43 (D.Neb.1990) (magistrate judge's memorandum and order), which the parties did not cite, does not persuade us to the contrary.

the plaintiff's negligence is more than slight and the defendant's act is less than gross in comparison. *Id.* at 1203. That observation supported our holding that the statute was substantive in nature and was therefore not retroactive. *Id.*

Fourth, the statement in *Rahmig* appears to exclude only certain types of contributory negligence as a defense. The district court, at Tillwick's request, amended the instruction to include verbatim the statement from *Rhamig.* The instruction then went on to define contributory negligence as the plaintiff's "failure to use ordinary care for his own safety." [6] Thus, the jury could properly consider the plaintiff's failure to use ordinary care to the extent such failure did not involve his "failure to discover a defect or guard against the possibility of a defect's existence."

 In addition to relying on *Rahmig,* Tillwick also asserts that legislators intended to leave intact the common law rules on strict liability, which barred the raising of a contributory negligence defense. This argument also fails. We have no occasion to probe legislative history when the statutory language is clear and unambiguous. *See State v. Matthews,* 237 Neb. 300, 465 N.W.2d 763, 764 (1991) (when words of statute are "plain, direct and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning"); *Black v. State Dept. of Motor Vehicles,* 218 Neb. 572, 358 N.W.2d 181, 184 (1984) (same).

We thus conclude that the district court did not plainly err in giving the contributory negligence instruction. It applied the plain words of a Nebraska statute making contributory negligence applicable in a strict liability case; it then modified the instruction to conform with *Rahmig. See* Nebraska Jury Instructions § 11.20 at 635–37 (2d ed. 1989) (recognizing application of section 25–21,185 in strict liability cases).

Tillwick makes other arguments challenging the instructions. These arguments are without merit. We affirm the judgment of the district court.

---

**6.** See footnote 2, *supra,* for the complete text of the instruction.