9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Timothy JOHNSOM, Appellant,
v.
C.O. BEAVER; William Atana, Captain, Appellees.
 No. 93-1401.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 3, 1993.
Filed: November 5, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy Johnson, an inmate in the Jefferson City Correctional Center, appeals from the District Court's[1] entry of judgment on the jury's verdict in favor of defendant in his 42 U.S.C. Sec. 1983 failure-to-protect action. We affirm.
 
 
 2
 Johnson was seriously burned when inmates threw glasses of hot water on him while he was confined to his cell. These burns required hospitalization. Johnson filed this pro se complaint against C.O. Beaver and Captain William Atana,[2] for failure to protect Johnson from the attacks by the inmates in violation of his constitutional rights. The case was tried to a jury.
 
 
 3
 Johnson testified that he was locked down in his cell when inmate Evans poured a tumbler of hot liquid on him. Johnson immediately started to yell for an officer. After Johnson yelled for fifteen minutes, Beaver arrived and Johnson told him what had happened and requested to go to the hospital. Beaver told Johnson he would have to get approval from Captain Atana. While Beaver was away, two other inmates simultaneously poured tumblers of hot water on Johnson. Johnson testified that Beaver returned thirty to forty-five minutes later, and apologized for the delay, explaining that he had gotten locked in the kitchen. Beaver told Johnson that Captain Atana would be coming shortly. Atana arrived and told Beaver he was taking Johnson to the hospital. At this time, Johnson asked to be isolated and at Atana's command, all inmates were locked down and Johnson was taken to the hospital. On cross-examination, Johnson testified that he had no idea Evans was going to hurt him and that he had never before asked for protection. Johnson also testified on cross that he did not ask Beaver to lock the inmates up and he did not ask Beaver for protection. Johnson testified that it was Beaver's job to lock the inmates down after Johnson was harmed.
 
 
 4
 Beaver testified that another inmate told him that Johnson wanted to see him. Beaver did not hear any yelling. When Beaver arrived at Johnson's cell, Johnson indicated that he wanted to see a "white shirt" and that he wanted to go to the hospital. Johnson did not say that he had been burned and Beaver did not see any burns. Beaver left to contact Atana about the request.
 
 
 5
 The court instructed the jury on the Eighth Amendment. Johnson, who was represented by counsel, did not object to any of the jury instructions. The jury returned a verdict for Beaver. Johnson timely appealed the jury verdict.
 
 
 6
 Johnson now argues that the trial court erred in instructing the jury and by failing to call certain witnesses. Johnson also challenges the sufficiency of the evidence.
 
 
 7
 Because Johnson failed to object to any of the instructions, we may reverse only for plain error. Bolin v. Black, 875 F.2d 1343, 1349 (8th Cir.), cert. denied, 493 U.S. 993 (1989). " 'The plain error exception is narrow and is confined to the exceptional case in which error has affected seriously the fairness, integrity or public reputation of judicial proceedings.' " Thomas v. Booker, 784 F.2d 299, 304 (8th Cir.) (en banc) (quoting Johnson v. Houser, 704 F.2d 1049, 1052 (8th Cir. 1983)), cert. denied, 476 U.S. 1117 (1986).
 
 
 8
 Prisoners have a constitutional right to be free from attacks by other inmates. See Butler v. Dowd, 979 F.2d 661, 675 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2395 (1993). To prevail in a 42 U.S.C. 1983 case, plaintiff must show that prison officials "were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from attacks by other inmates." Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991). In order to demonstrate "reckless disregard," an inmate must show a " 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Id. Furthermore, a " 'pervasive risk of harm' 'may not ordinarily be shown by pointing to a single incident or isolated incidents....' " Id. (quoting Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984).
 
 
 9
 Johnson argues that jury instructions number eight and nine should have instructed the jury to find for Johnson if they believed Beaver knew or should have known of the risk or the continuing danger posed by other inmates after Evans threw the first tumbler of hot water on Johnson. Even if this argument were correct, it would not satisfy the plain error standard, but in fact it is flatly incorrect. The court properly omitted this language because Johnson was required to prove that Beaver "failed to protect him from known dangers of attacks by fellow inmates or that a pervasive risk of harm" prevailed in the prison. Latimore v. Widseth, No. 92-1641, slip op. at 7 (8th Cir. Oct. 12, 1993) (en banc) (quoting Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990)). The challenged instructions set forth the correct legal standard and reflect no error, plain or otherwise.
 
 
 10
 Johnson also argues that instruction number nine erroneously limited the jury's consideration of whether Johnson was in danger because of Evans. Johnson testified, however, that he had no idea Evans was going to harm him, and there is no evidence that Beaver had any prior knowledge of Evans's intention to harm Johnson. No plain error occurred when the court directed the verdict as to harm by Evans. We conclude that Johnson's remaining jury instruction issues and his issue regarding failure to call witnesses are meritless.
 
 
 11
 Johnson also challenges the sufficiency of the evidence to support the verdict by alleging that Beaver committed perjury during the trial. Issues of credibility, however, are for the jury and not this Court to determine. We cannot disturb a jury verdict if there is substantial evidence to support the jury's verdict. Grogan v. Garner, 806 F.2d 829, 836 (8th Cir. 1986). Although the record contains conflicting versions of the incident, the jury obviously believed Beaver's version. There is substantial evidence to support the verdict.
 
 
 12
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 The court granted Atana's motion for summary judgment, and Johnson does not challenge that decision