**John L. CAMPBELL, Appellant,**

v.

**Madhav VINJAMURI, M.D. and Terry Ward, Appellees.**

**No. 93–1804.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1993.

Decided March 30, 1994.

---

Thomas J. Prebil, St. Louis, MO, argued, for appellant.

Michael Kortenhof, St. Louis, MO, argued (Edward V. Crites, on the brief), for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and MELLOY,** Chief District Judge.

MELLOY, Chief District Judge.

The appellant, John L. Campbell, appeals from the district court's [1] order denying his motion for a new trial in his medical malpractice suit. Campbell contends he should be granted a new trial for the following reasons: (1) the district court abused its discretion when it refused to allow him to introduce evidence that appellee Vinjamuri failed to pass a board certifying examination in anesthesiology, and (2) the district court committed reversible error when it failed to charge the jury with a proffered instruction. We affirm.

Campbell's suit arises out of a back operation from which he awoke with almost total loss of sight in his left eye. The two appel-

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE MICHAEL J. MELLOY, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation.

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri, Eastern Division.

lees, Dr. Madhav Vinjamuri and Terry Ward, were the anesthesiologist and nurse anesthetist respectively during the surgery. Campbell was anesthetized for approximately seven and one-half hours during which time Vinjamuri helped with the initial positioning of Campbell's head and supervised Nurse Ward's monitoring of the head position. Vinjamuri did not remain in the operating room for the entire surgery as he was simultaneously responsible for other surgeries going on in other operating rooms of the same hospital. Ward was present throughout the surgery, except for his lunch break, at which time he was relieved by another nurse.

Campbell, through expert witnesses, put on testimony that either Vinjamuri, Ward, or both, improperly positioned and monitored Campbell's head position, allowing improper pressure to be placed on his eyes and face, causing the partial loss of his eye sight. The appellees' offered evidence through their experts that Campbell had a preexisting condition in his left eye which, combined with a drop in blood pressure normally associated with surgery, could cause a loss of sight despite Vinjamuri and Ward having met the requisite standard of care.

When Campbell's attorney was deposing Vinjamuri, Vinjamuri admitted that he was not board certified in anesthesiology as he had, on three or four occasions, failed the board certifying examination. After the deposition Vinjamuri moved the trial court to hold that the fact that he had failed the board certifying exam was inadmissible evidence. The trial court found the evidence irrelevant and granted Vinjamuri's motion. Vinjamuri did not contest the admissibility of evidence of the fact that he was not board certified and this evidence was allowed to go before the jury.

During the trial, Campbell asserted that Vinjamuri had testified as an expert witness while under direct examination and asked the trial court to reconsider its evidentiary decision. Campbell argued that the evidence of Vinjamuri's test failures should be allowed for the purpose of impeaching his credibility as an expert. The judge again refused, finding that the admission of evidence that he was not board certified was enough.

Campbell also objects to the court's refusal to give his proffered res ipsa loquitur instruction. Campbell offered two negligence instructions in substitution and the court accepted them for use. Campbell's only on the record remark regarding his rejected instruction was merely to recognize that it was denied.

## A. *Evidentiary Issue*

■ We may only reverse a trial court's ruling on the admissibility of evidence where there has been a clear abuse of discretion. *Campbell v. Gregory,* 867 F.2d 1146, 1147 (8th Cir.1989). Upon a finding of abuse, we may only grant a new trial if doing so would be likely to produce a different trial outcome. *O'Dell v. Hercules, Inc.,* 904 F.2d 1194, 1200 (8th Cir.1990).

Campbell asserts that the district court abused its discretion both when it failed to admit evidence of Vinjamuri's test failures and when it subsequently denied him a new trial which he requested because of the court's failure to admit evidence of the test failures. Campbell argues that Vinjamuri's admission that he had failed the board certifying examination in anesthesiology on several occasions was relevant to demonstrate his minimum level of professional competency in his specialty and to impeach his credibility as an expert witness.

■ Vinjamuri argues that the information is irrelevant and prejudicial. He states that the fact that he was not board certified was brought out at trial and that the reason why he was not so certified was irrelevant to the issue of his performance during Campbell's surgery.

For the evidence of Vinjamuri's test failures to be relevant, his failure to pass the anesthesiology examination must make it more likely than not that, during this particular surgery, Vinjamuri would be negligent in his duties of properly positioning Campbell or in properly supervising the nurse anesthetist. *See* Fed.R.Evid. 401. We agree with Vinjamuri that the evidence was not relevant to this issue as a person's performance on a written or oral examination is not determina-

tive of one's ability to meet the standard of care required on a specific occasion.

Performance on a board certifying examination might speak to an individual's overall knowledge of a particular medical specialty, but would not necessarily reflect knowledge of the specific activity being scrutinized for negligence. Further, it would be improper for the jury to use the evidence in the manner suggested by Campbell, that is for the jury to conclude that because a physician was unable to pass his board exams, he was negligent on a specific occasion. *Beis v. Dias,* 859 S.W.2d 835 (Mo.App.1993) (ability to pass a board examination only goes to a physician's test taking abilities and does not make his or her negligence on one particular day more likely than not).

■ The fact that Vinjamuri gave what may be classified as limited expert testimony should not lead to a different result.[2] His test failures have no clear connection to his knowledge and experience of the matter of which he was testifying (whether or not he met the standard of care in his treatment of Campbell). It is sufficient that the jury was given the information that Vinjamuri was not board certified in his specialty. The reason for his lack of certification is of limited significance. *Sommers v. Friedman,* 172 Wis.2d 459, 493 N.W.2d 393, 398 n. 7 (Wis.Ct.App. 1992); *McCray v. Shams,* 224 Ill.App.3d 999, 167 Ill.Dec. 184, 188, 587 N.E.2d 66, 70 (1992), *appeal denied,* 145 Ill.2d 635, 173 Ill.Dec. 6, 596 N.E.2d 630 (1992); *O'Brien v. Meyer,* 196 Ill.App.3d 457, 143 Ill.Dec. 322, 554 N.E.2d 257 (1989), *appeal denied,* 133 Ill.2d 560, 149 Ill.Dec. 325, 561 N.E.2d 695 (1990). To hold otherwise we would have to conclude that admission of Vinjamuri's test failures would probably have led to a verdict for the plaintiff. However, the jury could legitimately only use the information to impeach Vinjamuri's statement where he asserts he met the appropriate standard of care. Given the additional expert testimony presented by other defense witnesses on whether Vinjamuri met standard of care, we cannot conclude that a jury would be significantly swayed by casting doubt on Vinjamuri's statement.

Campbell argues that *Ward v. Epting,* 290 S.C. 547, 351 S.E.2d 867 (S.C.Ct.App.1986), requires us to find that the district court abused its discretion in disallowing the evidence. The *Ward* court held the trial court did not abuse its discretion by admitting evidence of the physician's failure to pass a board certifying exam. However, *Ward* is distinguishable as the *Ward* court failed to differentiate between evidence of lack of board certification from evidence delving into why the physician lacked certification. Further, the *Ward* court merely found that it was not an abuse of discretion for a trial court to admit evidence of a physician's test failures. It does not follow that it would therefore be an abuse of discretion not to admit the evidence.

## B. *Jury Instructions*

■ "The mere tender of an alternative instruction without objecting to some specific error in the trial court's charge or explaining why the proffered instruction better states the law does not preserve the error for appeal." *Farmland Industries v. Frazier–Parrott Commodities, Inc.,* 871 F.2d 1402, 1408 (8th Cir.1989). Specific objection must be made on the record to preserve the error for appeal. *Tillwick v. Sears, Roebuck & Co.,* 963 F.2d 1097, 1099 (8th Cir.1992); Fed. R.Civ.P. 51.

■ As Campbell did not make a specific objection to the court's refusal to use his instruction, any error is waived unless plain error can be shown. *Johnson v. Houser,* 704 F.2d 1049, 1051 (8th Cir.1983). Campbell cannot show plain error as the instruction he offered was very similar to the one used by the court. The trial court has a great deal of discretion in framing the jury instructions and the court need not give the exact language desired by the parties. *McIlroy v. Dittmer,* 732 F.2d 98, 102 (8th Cir.1984).

---

**2.** During direct examination, Vinjamuri's attorney asked him if his care "was below standard care and treatment for Mr. Campbell." Vinjamuri responded, "I don't think so." We do not decide whether a different result would be warranted had Vinjamuri given more extensive expert testimony.

Campbell characterizes his instruction as a res ipsa loquitur instruction and the two substituted instructions as specific negligence instructions. Campbell has mischaracterized his proffered instruction. The crux of both the proffered instruction and those actually given was that the jury must find for Campbell and against the appellee if they found that the appellee failed to properly position and monitor the position of Campbell's head during surgery and that such failure resulted in damage to Campbell.

Further, the instruction proffered by the appellee impermissibly allowed the jury to find both appellees liable for the damage to Campbell even if they found only one of the appellees to be negligent. This was an incorrect statement of the law. The district court did not err in refusing it. The instructions given properly informed the jury of the applicable law.

The district court's denial of the appellant's motion for new trial is AFFIRMED.