UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4904

MICHAEL ANTHONY SMITH, SR., a/k/a
Michael A. Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-58)

Submitted: August 31, 1998

Decided: September 16, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Raymond Lee Clarke, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assis-
tant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Michael Anthony Smith of possession with intent to distribute cocaine base;[1] he was sentenced to serve 360 months' imprisonment. On appeal, Smith challenges the district court's jury instructions on unreported and unexplained wealth being indicative of narcotics trafficking. He also contends that the court erroneously determined his relevant conduct during sentencing by converting the currency seized upon his arrest to its equivalent in cocaine base. Finding no reversible error, we affirm.

Based on a tip from a confidential informant that Smith was selling crack cocaine from his residence, local police officers arranged for an operative to purchase crack cocaine from Smith using marked money. On three occasions, the operative went to Smith's residence with the marked money and returned with crack cocaine. Within hours of the third transaction, officers executed a search warrant for Smith's residence. The search resulted in the recovery of 14.67 grams of crack cocaine from Smith's pocket and a total of $7170 in cash. The bulk of seized money ($7042) was found in an upstairs bedroom, while the remainder was found in Smith's other pocket. Of the money found on Smith's person, $30 was "marked" money used by the police operative to purchase drugs.

At trial, Smith denied selling cocaine and testified that the seized currency represented lottery winnings and profits from his business selling clothes from his home for cash only. Smith presented evidence from several clerks from neighborhood convenience stores who testified they remembered paying Smith on winning lottery tickets and witnesses who were acquainted with Smith's clothing business.

Prior to instructing the jury, the Government and defense counsel participated in the court's instructions conference held in chambers.

_____

**1** <u>See</u> 21 U.S.C. § 841(a)(1) (1994).

Smith's counsel objected to the court instructing the jury on the relevancy of unexplained and unreported wealth, arguing that the seized currency did not represent "wealth" and was not "unexplained." Notwithstanding, he negotiated a change in the language of the instruction to Smith's favor. At the conclusion of the conference, the court informed counsel that it would entertain objections after instructing the jury. Yet when the court finished instructing the jury, Smith's counsel specifically responded to the court that he had no objections to the jury charge.

Because Smith's counsel did not object to the instructions after they were given to the jury, as required by Fed. R. Crim. P. 30, we must determine if the error has been forfeited or waived. If forfeited, we review for plain error.[2] If the error has been waived, it is not subject to appellate review.[3] Here, Smith's counsel had an opportunity to object to the jury instructions to correct any error or to preserve the issue for appeal, and he stated he had no objection. We find that such an "intentional relinquishment or abandonment of a known right" waives any error based on the jury instructions. [4]

Smith also contends that he should not have been held accountable for both the quantity of cocaine base that was seized from his person and for the cocaine base equivalent of the seized currency. The district court converted the total amount of seized currency ($7170) to 35.85 grams of cocaine base and combined it with the 14.67 grams of cocaine base recovered from Smith's person, for a total of 50.52 grams of cocaine base that the court attributed to Smith as relevant conduct. Smith contends the entire $7170 should not have been used to determine his relevant conduct since he presented evidence that he had won the lottery and that he was engaged in a cash-only clothing business. However, since Smith provided no evidence that the particular money seized derived from lawful sources, we reject this claim.

_____

[2] **See** Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 730-32 (1993).

[3] **See United States v. David**, 83 F.3d 638, 641 n.5 (4th Cir. 1996) (noting distinction between forfeiture and waiver).

[4] **Olano**, 507 U.S. at 731; see United States v. Byrd, 542 F.2d 1026, 1028 (8th Cir. 1976) (finding counsel's failure to object after jury charge foreclosed appellate review).

3

We review the district court's calculation of drug amounts for clear error.[5] When calculating the amount of narcotics attributable to a defendant, the court should include all relevant quantities of drugs in this calculation.[6] Seized currency may be converted to its drug equivalent for purposes of sentencing when the Government furnishes some evidence that the currency was derived from the defendant's drug related activity.[7]

Here, the Government demonstrated an adequate connection between the seized currency and Smith's drug activity. There was evidence that officers assisted an operative with buying crack cocaine from Smith on three occasions, and "marked" money was found on Smith's person. The currency seized was an unusually large sum of money, especially since Smith was unemployed and had not reported any earnings to either the Internal Revenue or to his probation officer. Although Smith claimed to have obtained thousands of dollars by winning the lottery and selling clothes and presented witnesses who testified to this fact, "[t]he judge present at the sentencing hearing [was] in the best position to determine the credibility of the witnesses and the source of the currency."[8] Therefore, we find that the district court did not clearly err in discrediting Smith's explanations and converting the seized currency into its drug equivalent.

Accordingly, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[5] **See United States v. Hicks**, 948 F.2d 877, 881 (4th Cir. 1991).

[6] **See U.S. Sentencing Guidelines Manual** § 1B1.3(a)(2) (1995) (relevant conduct provision); USSG § 2D1.1 comment. (n.12) ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level").

[7] **See Hicks**, 948 F.2d at 882 (holding that cash seized from defendant's home should be considered as relevant conduct and used in determining the base offense level).

[8] **United States v. Jackson**, 3 F.3d 506, 512 (1st Cir. 1993).

4